## Lilly, et al. v. Marcum.

(Decided February 9, 1926.)

### Appeal from Estill Circuit Court.

1. Deeds—Construction of Deed is Question for Court.—Where location of boundary line depended on proper construction of deed, such construction was question for court.

2. Boundaries—Court Cannot Disregard Course Fixed by Deed where there is no Fixed Object.—Though courses and distances must give way to fixed objects, where there is no corner or fixed object for line to go to, court cannot disregard course fixed by deed.

3. Boundaries—Line "to Range" with Another Held to Follow its Path Extended, and to be a Continuation of it.—In construction of deed reading, "line running with" certain other line, in which defendant claimed former deeds read, "ranging with," held, where used in connection with location of line, "to range" means to have or extend in certain direction, to correspond in direction or line, or to trend or run, and hence line in question was a continuation of such other line and not a random line without course or fixed distance.

4. Appeal and Error—Where Directed Verdict for Appellee would have been Proper, Appellants Not Prejudiced by Error in Instructions or Rulings on Evidence.—Where trial court might with propriety have directed verdict in favor of appellee, appellants were not prejudiced by any errors in instructions or in admission or rejection of evidence.

5. Judgment—Judgment May be Modified After Motion for New Trial which Suspended First Judgment.—Since motion for new trial suspended first judgment until motion was acted on, entry of second judgment held proper; court having power to modify judgment and make it conform to proof.

RIDDELL & SHUMATE and GRANT E. LILLY for appellants.

CLARENCE MILLER and MILLER & SCOTT for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Affirming.

Grant E. Lilly and others brought this suit against C. Marcum to recover a tract of land in Irvine. The jury found for Marcum, and plaintiffs have appealed.

Appellants and appellee are adjoining landowners, and the case turns on the proper location of their dividing line, which is described in the deed as follows:

"Beginning at the town lots at one corner of Norton and Noland and Powell, thence a straight line running with the line of the lots between Norton and Noland to Clay's back line on the mountain."

The location of the line depends on the proper construction of the deed, and that is a question for the court.

Appellants insist that the dividing line runs at an angle of 20 to 30 degrees to the left of the continuation of the line between Norton and Noland, while appellee insists that the dividing line is simply a continuation of that line. Appellants' argument may be summarized as follows: Former deeds used the words "ranging with" instead of "runnng with" the line of the lots between Norton and Noland. These words indicate a sweep, a general direction or random line. The line between Norton and Noland when extended not only crosses the Parke property, but goes to Clay's side line instead of his back line, and to a point on the spur of the mountain and not on the mountain itself. Course and distance must give way to fixed objects, and the only way to go from the beginning corner and reach Clay's back line is to follow the line claimed by appellants. It is true that the verb "to range" sometimes means "to rove at large," "to wander," "to roam," particularly as applied to cattle, but such is not its meaning when used in connection with the location of a line. In the latter case it means "to have or extend in a certain direction," "to correspond in direction or line," "to trend or run." Webster's New International Dictionary. Of course a line parallel to another may be said to range with it, but the only way for a line that begins at the end of another line to range or run with it is to go in the same direction, and this is impossible unless it follows the path of the other line when extended. As the Clay patent formed a square, it is apparent that any one of the four lines might be called a back line, and the draftsman of the deed considered that line the back line which would be reached by an extension of the line between Norton and Noland. Nor do we regard as controlling the fact that the line when extended passed over the Parke land, as the prior sale or conveyance of that tract may have been overlooked by the draftsman. It is true that courses and distances give way to fixed objects, but, as there is no corner or fixed object to which the line as claimed by appellants may go, we are not at liberty to disregard the course fixed by the deed. We are, therefore, forced to the conclusion that the line in question is a continuation of the line between Norton and Noland, and not a random line without course or fixed terminus. We are fortified in this conclusion by the finding of the jury that this line was recog-

nized by the adjoining landowners as the dividing line between their lands. As the case is one where the trial court might with propriety have directed a verdict in favor of appellee, appellants were not prejudiced by any errors in the instructions or in the admission or rejection of evidence.

We see no reason on the cross-appeal to reverse the second judgment which awarded a portion of the lands in controversy to appellants. As the motion for a new trial suspended the first judgment until the motion was acted on at a subsequent term, Louisville Chemical Works v. Commonwealth, 8 Bush 179; Harper v. Harper, 10 Bush 447; Louisville R. & L. Co. v. Kerr, 78 Ky. 12, the court had the power to modify the judgment and make it conform to the proof. We are not prepared to say that the modification was not proper, in view of the fact that appellee disclaimed any interest in that portion of the land awarded to appellants by the second judgment.

The judgment is affirmed on both the original and cross appeals.