COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Archer O. SMITH et al., Appellees.

Court of Appeals of Kentucky.

May 7, 1965.

Robert F. Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Richard H. Peek, Paducah, for appellant.

John C. Lovett, Lovett, Lovett & Lovett, Benton, for appellees.

DAVIS, Commissioner.

This is a second appeal in a highway condemnation action. The judgment on the first trial was reversed by this court in Com., Dept. of Highways v. Smith, Ky., 358 S.W.2d 487. The facts involved are amply stated in the first opinion and will not be reiterated.

Upon the second trial the jury awarded $18,000 to the appellees. Appellant seeks to reverse the ensuing judgment and presents two basic arguments: (1) That the trial court abused its discretion in terminating appellant's cross-examination of an adverse witness, and (2) prejudicially erroneous testimony was admitted in evidence.

We find there is no merit in either of these contentions and affirm the judgment.

We shall discuss the contentions in reverse order to their presentation by appellant.

■ The thrust of appellant's objections to testimony of certain witnesses for appellees is that these witnesses based their valuations on loss of business. It was for error in that respect that the first judgment was reversed. 358 S.W.2d 487. However, we have reviewed the challenged evidence and do not find it to be susceptible of the construction placed upon it by the appellant.

It is true, that upon cross-examination, witnesses for the appellees stated that they had taken into account the fact that the restaurant business would be destroyed. However, when this evidence is read in its proper context, it is apparent that these witnesses were expressing their views that the highest and best use of the property before the taking was as a restaurant; by reason of the taking, it cannot be used as a restaurant; therefore its highest and best use is destroyed, and its after market value is greatly reduced. The evidence warranted the conclusion that the property may no longer be used for restaurant purposes because of the destruction of its septic tank sewerage disposal system. There was uncontradicted evidence from the health officer of Marshall County showing that the character of soil in the remaining land is such that it will not function as a drainage area for the sewerage.

Even the witnesses for the appellant expressed opinions that the difference in market value would equal $12,000 to $12,595 *if* adequate sewer drainage field could not be had. The witnesses for the appellees expressed their opinions that the difference in before and after values would range from $24,000 to $28,000. The jury's verdict approximately "splits the difference." Recognizing, as do the parties, that loss of business is not a proper matter for evidence, we hold that the evidence complained of here did not address itself to loss of business, but to destruction of availability for the very business admitted to be the highest and best for which the property had been adaptable.

Counsel for appellant repeatedly sought to require one of appellees' witnesses to admit on cross-examination that the witness had considered loss of business in his valuation testimony. After several interchanges between counsel and the witness, in some of which the trial court participated, and after it became apparent that no further useful purpose would be served by continuing the cross-examination, the trial court did terminate the right of appellant's counsel to continue further cross-examination of the witness. Moreover, when appellees' counsel interrogated this same witness on re-direct examination, the trial court declined to permit appellant's counsel to cross-examine touching any of the re-direct examination.

■ The parties agree that the right of cross-examination is a substantial and vital one, and that prejudicial error may be committed if a court unwarrantedly prohibits or limits it. Cumberland R. Co. v. Girdner, 174 Ky. 761, 192 S.W. 873. It is also recognized, however, that the trial court is vested with a sound judicial discretion as to the scope and duration of cross-examination. Were this not so, any trial could be rendered a farce and mockery; witnesses could be insulted and threatened; juries would become exhausted and exasperated; justice could be frustrated and thwarted.

■ Numerous decisions of this court are collated in the notes to former Civil Code of Practice § 593. Although that Civil Code Section is no longer extant, the rationale of the cases dealing with it remains pertinent. Repetitious questioning may be halted within the sound discretion of the court. Murphy's Ex'r v. Hoagland, 32 Ky.Law Rep. 839, 107 S.W. 303; 19 Ky. Digest, Part 2, Witnesses, ☞282½. See also 58 Am.Jur. Witnesses, § 621, pp. 343–344, wherein it is said:

"It has repeatedly been declared that the extent of cross-examination with

respect to an appropriate subject of inquiry rests in the discretion of the trial court, and it is only in cases of clear abuse of such discretion, resulting in manifest prejudice to the complaining party, that a reviewing court will interfere. This rule applies in both civil and criminal cases * * *."

■ We accept the quoted text as sound; it comports with CR 61.01 in directing that harmless error be disregarded. In the case at bar we are not able to perceive that any prejudice befell appellant by reason of the trial court's actions. It is manifest from the record that further questioning of the witness could not have altered the impact of the evidence given by the witness. Under these conditions, we will not disturb the action of the trial court.

■ As to the refusal to permit cross-examination anent the evidence presented on re-direct we need say only that the matter touched upon in the short re-direct had already been fully covered in direct and cross-examination. There is no showing of prejudice to appellant's cause; the contention is without merit.

The judgment is affirmed.