**Mrs. Billie Cox GINSBURG, Plaintiff-Appellant,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, Defendant-Appellee.**

**No. 19966.**

United States Court of Appeals, Sixth Circuit.

June 5, 1970.

---

Thomas J. Roberts, Middlesboro, Ky., for plaintiff-appellant; Denham, Ralston & Nagle, Middlesboro, Ky., on the brief.

Robert L. Milby, London, Ky., for defendant-appellee; Hamm, Taylor, Milby & Farmer, London, Ky., on the brief.

Before McCREE, and COMBS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

McCREE, Circuit Judge.

Mrs. Billie Cox Ginsburg was injured in an automobile accident on February 6, 1966. After the accident, she was hospitalized several times and did not return to her job as a nurse-anesthetist. At the time of the accident she was in-

sured under a policy obtained through the American Association of Nurse Anesthetists from defendant-appellee. Insurance Company of North America (INA). Following the accident, Mrs. Ginsburg brought an action against INA in the Bell County, Kentucky Circuit Court under Coverage B of the policy. She claimed that she suffered both "continuous total disability" and "permanent and total disability" as defined in the policy, which reads in pertinent part:

*Coverage B—Permanent Total Disability:* After one year of "continuous total disability", and if the insured is then "permanently and totally disabled" the Company will pay a Permanent Total Disability Benefit equal to the difference between the Principal Sum and any payments made under Coverage A on account of such injuries. [The parties agree that Mrs. Ginsburg is not entitled to nor did she receive any payments under Coverage A.]

"Continuous total disability", which must result from such injuries and commence within 30 days after the date of the accident, means the Insured's complete inability during the first year thereof to perform every duty of his occupation.

"Permanently and totally disabled", means the Insured's complete inability, after one year of total disability as defined above, to engage in an occupation or employment for which the Insured is fitted by reason of education, training or experience for the remainder of his life.

The case was removed from the state court to the United States District Court and tried before a jury. Mrs. Ginsburg was awarded a verdict of $100,000, the full amount of the policy. However, the District Judge, on motion of the defendant, directed the entry of judgment for INA notwithstanding the verdict. From this final order Mrs. Ginsburg appeals. We reverse the judgment of the District Court and order the verdict of the jury reinstated.

■ The District Judge granted defendant's motion for judgment n. o. v. on the grounds that there was insufficient evidence before the jury to support its verdict on both the issues of continuous total disability and permanent and total disability. We hold that this conclusion is erroneous. Mrs. Ginsburg introduced medical testimony that she had received severe back injuries in the accident, and that such injuries prevented her from performing the duties of a nurse-anesthetist not only for the year following the accident but also permanently. There was, in addition, testimony casting this conclusion into doubt, including evidence that she had previously suffered similar injuries, and that her disability may have resulted from these non-insured injuries. But the resolution of factual conflicts in the testimony, and the drawing of inferences from conflicting medical testimony were obviously matters for the jury. Clearly appellant had presented sufficient evidence to raise an issue of fact. *Cf.* Rudder v. Ohio State Life Ins. Co., 389 S.W.2d 448, 449–450 (Ky.1965).

■ In support of the judgment n. o. v., appellee further contends that plaintiff did not prove that she was unable to perform "every duty of [her] occupation." Appellee's contention is that since there were some tasks a nurse-anesthetist must perform which appellant could admittedly perform, then she was not disabled under the terms of the policy. We think that this contention strains both the policy language and common sense. We believe that the proper construction is that she may recover if she is unable to perform the duties substantially required for her to obtain employment as a nurse-anesthetist. There was testimony, which the jury apparently credited, that Mrs. Ginsburg could not intubate patients, *i. e.,* administer anesthetics through tubes, and that intubation was one of the tasks every nurse-anesthetist must perform. Since there was at least one essential task which appellant could not perform, she could not perform "every duty." Obviously, this disability might well pre-

vent anyone from hiring her as a nurse-anesthetist, and that is precisely one of the things against which the policy insured her. Accordingly, we hold that there was evidence to support the jury's verdict that Mrs. Ginsburg suffered from continuous total disability for the year following her accident as a result of injuries she sustained therein.

The portion of Coverage B which protected appellant against "permanent and total disability" presents another question. Under Kentucky law, which governs in this diversity case, that portion of the policy is considered as "nonoccupational". Mutual Life Ins. Co. of New York v. Bryant, 296 Ky. 815, 177 S.W.2d 588 (1943). According to the Kentucky Court of Appeals, "[i]n such contracts (nonoccupational) the insured should be required to show physical inability not only to follow his regular occupation but also any occupation for which he may be fitted by education, training and experience, which may yield a reasonably substantial gain or profit, rising to the dignity of an income or livelihood." Ibid., 177 S.W.2d at 592. This is to be distinguished from "occupational" policies (such as the "continuous total disability" portion of Coverage B, supra), which insure policyholders against disability to perform the duties of a specific occupation. We interpret Bryant as holding that an insured is not obliged to prove he is disabled from occupations for which he is not qualified (i. e., Mrs. Ginsburg does not have to prove that her disabilities prevent her from performing the job of a brain surgeon) or from occupations that are substantially beneath her level of training and education, "such as selling peanuts or shoestrings." Rudder, supra, 389 S.W.2d at 450.

Here, INA elicited on cross-examination the fact that Mrs. Ginsburg had previously worked as a registered nurse, a parachute stringer, a whiskey store clerk, and a hospital clerk. There was testimony which tended to show that because of disability resulting from the accident, she could not perform the duties of any of these jobs over an eight-hour day. We believe that the evidence presented jury questions (1) whether ability to pursue these other occupations would bar recovery under the Bryant rule, supra, and (2) if so, whether Mrs. Ginsburg was disabled from performing them. The District Judge followed the Bryant rule in his instructions to the jury, and its verdict must be accepted as a finding that Mrs. Ginsburg was disabled from following any occupation for which she was suited by education, training, and experience.[1]

In summary, then, we hold that the District Court erred in granting judgment notwithstanding the verdict. However, we feel obliged to discuss certain procedural points.

First, appellant claims that she is entitled to interest from February 6, 1967 (i. e., from one year after the accident). The rule in Kentucky is that if the amount of damages is liquidated, interest follows as a matter of right. General Accident Fire & Life Assurance Corp. v. Judd, 400 S.W.2d 685, 687 (Ky.1966). Here, the amount of the damages was the principal amount of the policy, a liquidated sum. INA argues that the amount was not liquidated, because in her original prayer for relief in the state court, appellant sought damages over and above the policy amount. However, these claims were not submitted to the jury. Under the circumstances, we determine that appellant's claim for interest should be granted.

Second, appellee contends that plaintiff is barred from recovery by her failure to file timely proof of loss, as required by the policy. Both parties agree that proof of loss was not so filed.

1. Appellant makes much of the fact that the District Judge used the phrase "education, training, or experience" (emphasis added), rather than "education, training and experience," as the Kentucky Court of Appeals had written. The use of the disjunctive was perhaps prejudicial to appellant, but since the jury resolved the issue in her favor, we need comment no further on this contention.

Plaintiff claims that this obligation was excused by defendant's failure to object "specifically and with particularity" as required by Rule 9(c), Fed.R.Civ.P., which reads:

> In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity.

Here plaintiff, in her request for admissions, affirmatively pleaded performance of conditions precedent under the policy. Such a pleading meets the requirements of Rule 9(c). Lumbermens Mut. Ins. Co. v. Bowman, 313 F.2d 381, 387 (10th Cir. 1963). INA made only a general denial of this pleading, and consequently failure to file proof of loss did not become an issue in this case. *Ibid.* The remaining issue raised by appellee does not merit discussion.

Accordingly, we hold that the judgment of the District Court should be reversed, and we remand the cause to the District Court for entry of judgment in accordance with the verdict of the jury and for any other proceedings not inconsistent with this opinion.

Reversed.