**Bernard T. PERRY, Appellant,**

v.

**ERNEST R. HAMILTON ASSOCIATES, INC., Appellee.**

**ERNEST R. HAMILTON ASSOCIATES, INC., Cross-Appellant,**

v.

**Bernard T. PERRY, Cross-Appellee.**

Court of Appeals of Kentucky.

Sept. 22, 1972.

J. H. Highfield, Louisville, Vance M. Waggoner, Rushville, Ind., for appellant and cross-appellee.

Kenneth S. Handmaker, Handmaker, Weber & Meyer, Louisville, Murray J. Feiwell, Indianapolis, Ind., for appellee and cross-appellant.

CATINNA, Commissioner.

Ernest R. Hamilton Associates, Inc., filed this action in the Jefferson Circuit Court, Common Pleas Branch, Fifth Division, against Bernard T. Perry, seeking a recovery of $5,432.98 due on an account for services rendered, together with interest from April 2, 1964. Upon a trial the court, at the conclusion of the evidence, directed the jury to return a verdict for Hamilton Associates, Inc., for the entire amount claimed but allowed interest from the date of judgment (November 19, 1969) only.

Perry appeals and Hamilton Associates, Inc., cross-appeals as to that interest award. The judgment is affirmed upon the appeal and reversed on the cross-appeal.

Hamilton Associates was an engineering firm with experience in the preparation and design of subdivision plats and layouts. Perry was a certified public accountant and financial consultant. In 1963 Perry contacted Hamilton Associates and requested a layout for a proposed subdivision near Crawfordsville, Indiana, designated by him as Arrowhead Hills. Hamilton Associates performed the services requested with all progress reports and a final report being made to Perry. During the time the work was in progress, conferences were held with Perry and as the maps, profiles, and materials were completed they were all

submitted to Perry. At no time during the course of Hamilton Associates' work did Perry ever complain about the quality of the work or raise any objection concerning the services being performed at his request. Hamilton Associates, after completion of the work requested of them by Perry, forwarded to him under date of April 2, 1964, an invoice for services rendered in the amount of $5,432.98. Although Perry admitted receiving this invoice and additional invoices, he raised no question concerning the reasonableness of the charges shown by the invoices—he just didn't pay the account.

Hamilton Associates then filed this action in an effort to enforce payment of the account. Perry's answer was a general denial. Upon a trial of the case Perry did not appear. A discovery deposition of Perry taken by Hamilton Associates was read to the jury by counsel for Perry.

Perry presents three claims of error, asserting that (1) the court prejudiced his rights before the jury by (a) its colloquy with counsel for appellant in front of the jury; (b) comments to counsel for the appellee as to how to ask questions before the jury; (c) comments regarding the case before the jury; (2) the court erred in its refusal to allow counsel for the appellant to pursue the right to cross-examination in areas wherein the appellee had offered evidence; and (3) the court erred in directing a verdict for the appellee at the close of all the evidence where all the evidence showed that there was a question to be submitted to the jury regarding whether or not the appellee was performing services for a corporation or an individual.

As there was a peremptory instruction directing the jury to return a verdict in favor of Hamilton Associates, we are confronted with the question of whether, under these circumstances, the remarks and comments of the court made in the presence of the jury constituted error that so prejudiced Perry's case before the jury that the judgment should be reversed.

Seldom is the court confronted with this particular question where the trial court has directed a verdict. However, it has been considered as passed on in numerous cases where this court was of the opinion that the trial court should have directed a verdict.

In Lilly v. Marcum, 214 Ky. 514, 283 S. W. 1059 (1926) the rule was stated as follows:

"* * * As the case is one where the trial court might with propriety have directed a verdict in favor of appellee, appellants were not prejudiced by any errors in the instructions or the admission or rejection of evidence."

In holding that the trial court would not have erred had it sustained defendant's motion for a directed verdict, we said:

"* * * Such being the case, it is not necessary to consider the errors relied upon by plaintiffs for reversal, as in no event could plaintiffs have been prejudiced if such errors were committed, since defendant was entitled to a peremptory instruction." West v. Whitley Lodge No. 148 of Knights of Pythias of Corbin, 296 Ky. 671, 178 S.W.2d 203 (1944).

In Redding v. Independent Contracting Company, Ky., 333 S.W.2d 269 (1960), there was a verdict for the defendant. On appeal grounds for reversal were (1) the instructions were erroneous; and (2) prejudicial evidence was admitted over objection. This court being of the opinion that the defendant-appellee's motion for a directed verdict should have been sustained said:

"We have often held that where a defendant is entitled to a directed verdict, errors committed in the instructions or similar matters were not prejudicial to plaintiff."

Thus, Perry in no event could have been prejudiced by the remarks and comments made by the trial judge in the pres-

ence of the jury, as there was a directed verdict in favor of Hamilton Associates.

■ The trial court committed no error in limiting the scope of appellant's cross-examination. This court has consistently held that the trial court is vested with a sound judicial discretion as to the scope and duration of cross-examination. Commonwealth, Dept. of Highways v. Smith, Ky., 390 S.W.2d 194 (1965). We find no abuse of discretion in this case. In no event was appellant prejudiced by the court's refusal to admit the evidence on cross-examination. Lilly v. Marcum, 214 Ky. 514, 283 S.W. 1059 (1926).

■ Appellant claims error in the directing of a verdict, as the question of whether Hamilton Associates was employed by Arrowhead Hills, Inc., a corporation, or Bernard T. Perry, an individual, was before the court and should have been submitted to the jury.

Although the Arrowhead Hills Subdivision was owned by the corporation, the record clearly establishes that this fact was not known to Hamilton Associates. Ernest R. Hamilton testified that all conferences and other business were transacted with Bernard T. Perry, individually. He further stated that Perry had never informed him that the subdivision was owned by the corporation. Perry stated in a discovery deposition that he did not remember telling Hamilton who owned the subdivision property. He said that he had supplied Hamilton Associates with a plat of the property prepared by John Walters which must have shown the owner on it. This plat was filed in the record and has no name on it other than "John M. Walters P.E. No. 6509 (Ind.)." Perry also admitted receiving a copy of the preliminary plat prepared by Hamilton Associates. This plat dated June 1963 is entitled "Arrowhead Hills—Bernard T. Perry—Owner." Perry never attempted to change or even question the designation "Bernard T. Perry—Owner."

On May 31, 1963, Perry addressed a letter to Hamilton which read in part as follows:

"Thank you for your letter of May 28 suggesting possible names for my proposed subdivision. The subdivision has already been named—Arrowhead Hills." On January 15, 1965, Perry wrote:

"I am in receipt of your invoice directed to Arrowhead Hills in the amount of $5,432.98. At the inception of this work it was my understanding that you would be willing to accept real estate in exchange for your fee. Let me know if you are not under this same impression. If you agree, we should set about conveying to you real estate equivalent to your fee less any obligation due me from you."

There is no substantial evidence of probative value in this record that would even tend to support a finding that Hamilton Associates was employed by Arrowhead Hills, Inc., rather than Bernard T. Perry.

When, after the proof is all in, a plaintiff demands a directed verdict, the question becomes: Could a reasonable man remain unconvinced? Here we must anwer in the negative. The trial court did not err in directing a verdict for Hamilton Associates.

In Wadkin's Adm'x v. Chesapeake & Ohio Railway Company, Ky., 298 S.W.2d 7 (1956), the rule is stated as follows:

" * * * When the evidence given at the trial with all inferences that the jury could justifiably draw from it would not support a verdict for the plaintiff, because the plaintiff's evidence whether taken alone or in the light of all the evidence is not of sufficient probative value to induce conviction in the minds of reasonable men, a verdict should be directed for the defendant.

"It may be argued that in passing upon the probative value of the evidence

the court is invading the province of the jury. Such argument overlooks the fact that the court has a very definite function to perform even in jury cases. It has long since been settled that the court may examine evidence to determine its sufficiency in law, and the exercise of the inherent power to take the case from the jury by directing a verdict does not violate the constitutional right of a jury trial. * * *."

So much of Kentucky Power Company v. Dillon, Ky., 345 S.W.2d 486 (1961), as is in conflict with the rule as stated in Wadkin's Adm'x v. Chesapeake & Ohio Railroad Company, supra, is hereby overruled.

Again in Wiser Oil Company v. Conley, Ky., 380 S.W.2d 217 (1964), we said:

"* * * It is fundamental that while it is the jury's province to weigh the evidence, the court will direct a verdict where there is no evidence of probative value to support an opposite result. The jury may not be permitted to reach a verdict upon speculation or conjecture."

■ The trial court, in directing the entry of the judgment, said: "But I will only allow interest at six per cent from the date of the judgment because it's an unliquidated account until it's finally proved." The evidence does not support this ruling of the court.

Perry employed Hamilton Associates in May 1963. From time to time thereafter Perry was consulted in regard to the progress of the work and was also supplied with plats, maps, and other documents as they were completed. On April 2, 1964, having completed the work requested, Hamilton Associates billed Perry for its services in the amount of $5,432.98. As the invoice was not paid, additional invoices were submitted on July 7, 1964, and December 14, 1964. At no time did Perry ever question the quality of the work performed nor was an objection raised as to

the prices or charges appearing on the invoice.

Perry's continued silence after receipt of the invoice, coupled with his letter of January 15, 1965, as copied herein, establishes the fact that he not only admitted he owed the account but that the charges or amounts set out met with his approval. There is no real evidence to the contrary.

We are of the opinion that under the above circumstances this is a liquidated account, and interest should have been awarded from April 2, 1964, the date of the invoice. See 1 Am.Jur.2d., Accounts and Accounting, Section 24, page 399, and Section 30, page 404; Tapp v. Tapp's Trustee, 299 Ky. 345, 185 S.W.2d 534 (1945); Shanklin v. Townsend, Ky., 434 S.W.2d 655 (1968).

The judgment is affirmed on the appeal and reversed on the cross-appeal with directions to enter a new judgment in conformity with this opinion.

All concur.