**W K CONTRACTING CO., INC.,**
**Appellant,**

v.

**ASHLAND OIL & REFINING CO. et al.,**
**Appellees.**

**No. 72–2068.**

United States Court of Appeals,
Sixth Circuit.

Decided May 31, 1973.

James F. Clay, Danville, Ky., for appellant; Clay & Clay, Danville, Ky., on brief.

W. H. Dysard, Ashland, Ky., for appellees by Stuart E. Lampe, Louisville, Ky.; Robert L. Sloss, Stuart E. Lampe, Wyatt, Grafton & Sloss, Louisville, Ky., on brief.

Before CELEBREZZE, MILLER and KENT,* Circuit Judges.

---

\* Judge Kent participated in the decision in this case and concurred in this opinion prior to his death on May 27, 1973.

1. Section 8 of the contract provides:

At any time or times prior to the completion of the work covered by this contract, Company may, by written notice to Contractor, make changes in the plans, specifications, and drawings by way of additions, omissions, or other alterations

**PER CURIAM.**

This case involves an appeal from a judgment of the District Court of the Western District of Kentucky that Appellant, W K Contracting Co. (W K), was not entitled to payment for work which it contended was extra and beyond that contemplated by the contract between W K and Appellee, Ashland Oil & Refining Co. (Ashland). It was alleged that the work had been ordered by Ashland during the performance of the contract which provided for the construction of a pipeline from Patoka, Illinois to Owensboro, Kentucky. The District Court did permit recovery by Appellant of $24,-332.46 withheld by Appellee as a setoff against claims paid by Ashland to various property owners along the pipeline right-of-way for damage allegedly done by W K during the completion of the contract. The Court held that Ashland had withheld payment of this money contrary to the terms of the contract, which required Ashland to furnish an itemized statement showing the amount paid in settlement of any damage claims. Appellant contends it is entitled to recover interest on the money improperly withheld.

With regard to the alleged extra work, Appellant contends that it is entitled to payment under any one of three separate theories. First, it argues that the written contract requires payment for this work. The District Court found that Section 8 of the written contract anticipated the possibility of extra work and provided for a condition precedent to payment for the work—submission of invoices supported by time sheets, payroll records or other evidence of the validity of the charges.1 Appellant contends that

thereto, such changes to be authorized and signed by Company's authorized representative and delivered to Contractor's authorized representative, who shall receipt therefor in writing, or by letter agreement and/or other formal contract revision between the parties hereto. All such changes shall be reduced to writing prior to commencement of work by Contractor on the changes so authorized. For any such changes authorized by Com-

the existence of a condition precedent has never been raised by Ashland and that the contract cannot be interpreted as providing for such a condition. We find it unnecessary to determine whether the submission of invoices was a condition precedent to payment for extra work, since we have determined that the finding of fact of the District Court that W K had submitted invoices for the extra work which it performed, is not clearly erroneous. As the Court found, W K had, during the course of the construction, submitted 39 such invoices supported by daily time records for work which it considered extra.[2] All of these invoices were paid. No other invoices for extra work were submitted nor was any claim for payment for other work made during the entire construction period. We thus do not find the determination of the District Court that Appellant performed only its required work to be clearly erroneous.[3] *See* Strickler v.

pany in the above manner which will increase or decrease the cost and expense of work to Contractor, there shall be a corresponding increase or decrease in the compensation herein provided. Where such changes shall require extra work resulting in an increase of the cost and expenses to Contractor, he shall be paid a price which has been agreed upon prior to commencement of the extra work, or, if no such price is agreed upon, the sum of the following: (1) Actual cost (net after cash discount) of materials and supplies furnished by Contractor in connection with the extra work (to be evidenced by invoices) plus 10 per cent thereon; (2) Charges for Contractor's direct labor (including applicable insurances taxes, payroll benefits, travel and subsistence allowances and fringe benefits, overtime premiums, small tools, overhead and profit) and Contractor's equipment (actual operating hours of work on maintained basis including gasoline, oil, grease, other fuel and supplies, repair parts, repair labor, taxes, license fees, rentals, supervision, overhead, profit, and all other costs incident to use of equipment furnished by Contractor) used in connection with the extra work, at rates not exceeding the maximum rates set forth in the Wage and Equipment Rate Schedule in Paragraph 11. All invoices submitted by Contractor for performance of extra work except fixed price additions shall be supported by time sheets for labor and equipment, payrolls, receipted invoices, or other acceptable evidence of validity of the charge, and all such evidence must bear the approval of Company's Inspector and be subject to review by Company's Auditors. Time sheets for labor and equipment shall be submitted each day to Company's Inspector who shall approve same if he finds same to be correct; if such time sheets are found by Company's Inspector and/or Company's Auditors to be incorrect, they shall be corrected by Contractor. For any such change which decreases the cost of work to Contractor, the amount to be deducted from the contract price for such change shall be agreed upon before the change is made and shall be included in the written instructions to Contractor.

In addition to the work to be performed by Contractor as described herein it is contemplated that the Company may desire the Contractor to undertake and perform additional jobs and tasks not within the scope of the hereinbefore described work. In all cases where such additional work is to be performed, the Company shall deliver to the Contractor notice in writing in the form of Exhibit "B" attached hereto and made a part hereof specifying the work to be done. Upon receipt of such notice, Contractor shall be authorized and upon acceptance shall at once undertake the additional work specified in such notice. Compensation to be paid the Contractor for the additional work shall be determined on the basis of the rates for labor and equipment set forth in Paragraph 11. No claims for additional work performed by Contractor shall be valid unless ordered by Company as provided in this Section.

2. 'W K has contended that the work which is the center of the present controversy was covered by the written contract. This is not contrary to the holding of the District Court that even extra work was "specifically and carefully provided for in the contract, including the manner in which and the conditions under which W K would be compensated therefor." The District Court found as a fact that the billing for the regular work done under the contract was submitted in a series of 16 estimates during the course of the construction. Work considered extra was billed periodically in separate invoices. The work for which payment is now sought was not the subject of an invoice submitted by W K to Ashland.

3. This finding of the District Court is contained in paragraph 3 under the heading "Conclusions of Law." We have treated it as a finding of fact and as such it is within the scope of the clearly erroneous

Pfister Associated Growers, Inc., 319 F. 2d 788, 790 (6th Cir. 1963).

 Appellant's second and third contentions must also fall on the basis of the District Court's findings of fact. It is contended that there were parol modifications of the written contract and that there was an implied contract that the extra work done would be paid for. The District Court found no evidence that the parties had agreed to modify the contract.[4] Appellant has not attacked this finding as clearly erroneous and we do not find it to be so.[5] Nor can we accept Appellant's claim that Ashland impliedly agreed to pay for the extra work, in view of the District Court's finding that the work done by W K was required by the contract and W K was therefore already bound to perform the work.

The remaining question to be considered is whether Appellant is entitled to interest on the judgment of $24,-332.46. Under Kentucky law, if there is a claim for a liquidated debt, interest is payable from the date payment is due. Perry v. Ernest R. Hamilton Associates, Inc., 485 S.W.2d 505 (Ct.App.Ky.1972), even if the refusal to pay is based on a good-faith denial of liability, Shanklin v. Townsend, 434 S.W.2d 655 (Ct.App.Ky. 1968). Thus, the question becomes whether W K's claim is for a liquidated debt. The amount withheld by Ashland was money owed for work completed. This money was withheld because of the damages for which Ashland claimed W K was responsible. Ashland, however, did not furnish W K with any itemized statement of damages paid and thereby failed to comply with the terms of the contract in withholding payment. There was no justification, therefore, for the refusal to make payment. Since the money was due at a specified date and in a known amount, we find that the claim is for a liquidated debt. Interest is due, therefore, from the date payment of the money was due.

The judgment of the District Court is affirmed as modified.

---

rule. Utzinger v. United States, 432 F.2d 485, 489 (6th Cir. 1970).

4. Paragraph 14 of the agreement between the parties expressly provides that "no modification or supplement (to the agreement) shall be made except by written agreement signed by both parties."

5. Indeed, Appellant concedes that none of the findings of fact of the District Court are attacked as clearly erroneous.