**W. Van Meter ALFORD,
Plaintiff,**

v.

**CONTINENTAL CASUALTY COMPANY, Defendant.**

**No. 2462.**

United States District Court,
E. D. Kentucky,
Lexington Division.

June 4, 1974.

Turley, Savage & Moore, by R. J. Turley, Lexington, Ky., for plaintiff.

Brown, Sledd & McCann, by John D. McCann, Lexington, Ky., for defendant.

## MEMORANDUM

SWINFORD, District Judge.

The complaint in this diversity action removed from Fayette Circuit Court demands the sum of $37,500, payable under an accident policy issued by the defendant in 1967; a jury trial on April 18 and 19, 1974, culminated in a verdict in favor of Alford in the amount sought. The record is now before the court on the plaintiff's motion to amend the judgment entered on April 19, 1974, to permit the recovery of interest from the date of the accident until paid.

■ The propriety of awarding pre-judgment interest in federal diversi-ty cases is generally governed by the applicable state law. St. Clair v. Eastern Air Lines, Inc., 2d Cir., 302 F.2d 477, 480 (1962); Woodmont, Inc. v. Daniels, 10th Cir., 290 F.2d 186, 187 (1961). The Kentucky Court is aligned with those of other jurisdictions in permitting such an award where the action is based upon a liquidated claim.

> "It is well established that interest is recoverable as a matter of law in an action upon a liquidated claim. As put in 22 Am.Jur.2d, Damages, Section 180, Page 258: 'In short, the general rule is that interest is allowed as a matter of right for failure to pay liquidated claims when due'." Shanklin v. Townsend, Ky., 434 S.W.2d 655, 656 (1968).

Accord, Perry v. Ernest R. Hamilton Associates, Inc., Ky., 485 S.W.2d 505, 509 (1972); Ginsburg v. Insurance Company of North America, 6th Cir., 427 F.2d 1318, 1321 (1970).

■ A liquidated sum is clearly involved in the case at bar in view of the policy recitation that one-half of the principal sum of $75,000 would be paid in the event of the loss of the entire sight of one eye. See Continental Casualty Company v. Freeman, Ky., 481 S. W.2d 309, 317 (1972); Equitable Life Assur. Society of United States v. McDonald, 261 Ky. 148, 156–157, 87 S.W.2d 123 (1935); Prudential Insurance Co. v. Cox, 254 Ky. 98, 101–102, 71 S.W.2d 31 (1934); Home Insurance Co. of New York v. Roll, 187 Ky. 31, 36, 218 S.W. 471 (1920); Ginsburg v. Insurance Company of North America, supra. Rather, it is primarily argued that such a recovery is improper where, as here, liability was contested in good faith. Whatever the merits of the defense, it is well settled that the plaintiff's entitlement to interest is unaffected by the probity of the defendant's position. "Under Kentucky law, if there is a claim for a liquidated debt, interest is payable from the date payment is due . . . even if the refusal to pay is based on a good-faith denial of liability." W K Con-

tracting Co., Inc. v. Ashland Oil & Refining Co., 6th Cir., 478 F.2d 1046, 1049 (1973); Shanklin v. Townsend, supra; City of Louisville v. Henderson's Trustee, 11 Ky.Law.Rep. 796, 13 S.W. 111 (1890).

A more serious issue concerns the date from which the interest should be calculated. The record indicates that the accident occurred on May 4, 1972. Alford initially notified the defendant on May 23, 1972, and dispatched completed proof of loss forms on August 21, 1972. The insurer rejected the claim on November 3, 1972, and this action was commenced on December 7, 1972. The plaintiff demands payment from the date of injury, while the defendant alternatively maintains that the period commenced when the proof of loss forms were rejected.

■ An examination of the authorities addressing this question indicates that interest should be awarded from the insurer's receipt of the final proof of loss forms in August, 1972.

> "Where the amount to which the beneficiary is entitled has been wrongfully withheld by the insurer after payment is proved to be due, interest on such amount is chargeable by way of damages. The amount is to be calculated from the time when it was due and payable. In this case it was upon receipt of proofs of death." Edwards v. Equitable Life Assur. Soc., etc., 296 Ky. 448, 456–457, 177 S.W.2d 574, 578 (1944).

Continental Casualty Co. v. Freeman, supra; Prudential Insurance Co. v. Cox, supra; 44 Am.Jur.2d "Insurance" Section 1597. The cases suggesting recovery from the date of the injury are easily distinguishable. Thus, the awards of post-injury interest in Equitable Life Assur. Society of United States v. McDonald, supra, and Home Insurance Co. of New York v. Roll, supra, were attributable solely to the insurers' waiver of proof of loss requirements. Similarly, the assessment of interest in Ginsburg v. Ins. Co. of North America, supra, was

motivated by the policy provision initiating "permanent total disability" payments on the first anniversary of the disability. 427 F.2d at 1320.

An amended judgment will be entered granting interest from the date the insurer received the completed proof of loss forms. Although the record fails to reveal the date of receipt, the three day interval specified in Rule 6(e), Federal Rules of Civil Procedure, for service by mail is a reasonable transmission period. Accordingly, the amended judgment will award interest from August 24, 1972, until paid.