# Powell et al. v. Sparks Milling Co.

March 14, 1941.

R. T. Kennard and S. S. Willis for appellants.

H. R. Wilhoit for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

This is an appeal from a judgment of the Circuit

Court entered following the issuance of our mandate in the case of Sparks Milling Co. v. J. T. Powell and Midland Baking Co. reported in 283 Ky. 669, 143 S. W. (2d) 75, 78. In that case we decided that the Sparks Milling Company was entitled to retain certain processing taxes accruing under the Agricultural Adjustment Act, 7 U. S. C. A., Section 601 et seq., adjudged unconstitutional by the Supreme Court, and reversed the Circuit Court's judgment allowing the present appellants' counterclaim for the amount of the taxes. Powell is the president and principal stockholder of the Baking Company and the circumstances rendering him personally liable for the debt, together with other details of the transaction between the parties, are set forth in our former opinion. The recovery on the counterclaim was a joint recovery by Powell and the Baking Company; the original action was instituted against them jointly; and, while the major question on the former appeal was whether the appellees were entitled to recover the processing taxes, nevertheless we set forth the facts out of which Powell's joint liability with the Milling Company arose. It is true that the concluding paragraph of the opinion merely reversed the judgment and directed the Circuit Court to enter a judgment ''in favor of appellant for $1,711.11,'' and that the mandate was couched in similar terms without specifically stating against whom the judgment was to be entered. It is nevertheless true that we considered the question of Powell's joint liability and determined it in that decision.

The judgment from which the present appeal is prosecuted not only awarded the appellee a recovery for the amount named against the Milling Company and Powell jointly, but, in addition, awarded interest thereon from November 16, 1935, the date on which payment of the purchase price of the flour became due. We are urged to reverse this judgment because it awarded a recovery against Powell, as well as the Baking Company, and allowed interest, notwithstanding the fact that neither the opinion nor the mandate directed against whom the judgment was to be entered, or mentioned interest on the award.

It is insisted by appellants' counsel that neither the allegations of the petition nor the proof were sufficient to justify an adjudication against Powell in view of the Statute of Frauds (Kentucky Statutes, Section 470) and

the requirements of the Uniform Sales Act (Kentucky Statutes, Section 2651b-1 etc.). The conclusion was erroneously drawn from the wording of the mandate that we did not determine Powell's responsibility, and hence, that the facts and law pertaining thereto were open for further discussion. Doubtless, counsel's error arose from the fact that the opinion on the former appeal, as well as the briefs submitted by counsel, dwelt principally upon the major question presented for decision, which was whether the Baking Company was entitled to recover the processing taxes. However, under the familiar law of the case rule, we are precluded from further considering the question of Powell's liability. Lexington & E. Ry. Co. v. Sexton, 193 Ky. 201, 235 S. W. 773.

Appellants' counsel do not seriously contend that appellee was not entitled to interest but predicate their argument for a reversal of the judgment largely upon the rule of law that the Circuit Court, following an appeal to this Court, must obey its mandate, and is without power to enter any judgment or order not directed or authorized thereby. But, where the facts disclosed by the record are such that consequential relief is necessarily, or, as a matter of law, incident to the main relief authorized by the opinion and directed by the mandate, the judgment entered pursuant thereto should include the consequential relief. This conclusion finds support in our opinion in the case of Whitehead v. Brothers Lodge, etc., 71 S. W. 933, 24 Ky. Law Rep. 1633, holding that the Circuit Court should have allowed interest to the party claiming it, following a reversal of a former judgment, notwithstanding the fact that the opinion reversing the case merely directed the entry of a judgment in favor of the appellant for the sums due him upon his contract without mentioning interest. It is true that the opinion in the case cited discussed the question of interest, and to that extent the case differs from the case at bar; but it illustrates the principle that the exact language of the mandate, as distinguished from its true intendment, is not necessarily controlling.

That the appellee as a matter of law was entitled to interest on the amount due it is manifest from the fact that the flour was sold and delivered by it to the appellants for specified amounts and upon specified terms, concerning which there was no dispute. The existence of a set off and counterclaim in good faith asserted does

not alter the situation. 33 C. J., Section 75, p. 212. Much has been written on the subject of interest and the various reasons which have actuated its allowance by the courts; but this question has been settled in this state by the enunciations of this Court in the case of Henderson Cotton Manufacturing Company v. Lowell Machine Shops, 86 Ky. 668, 7 S. W. 142, 145, 9 Ky. Law Rep. 831, which has been followed in numerous subsequent opinions. In the case cited, the origin, history, and modifications of the laws of England and this Country relating to interest are set forth, and the existing rule announced, which is, that in case of an unliquidated claim, as upon a quantum meruit, interest is not allowable as a matter of law, or prima facie, because it does not necessarily follow that the duty has been imposed upon the debtor to pay it, from which it results that its allowance or disallowance is properly left to the discretion of the jury to be exercised according to the circumstances of the case, "but where it has been liquidated by a rendering of the account to the debtor, or demand of payment made of him, with knowledge upon his part of its character, it then becomes due and carries interest from that time, like one payable by contract at a specified time, because an implied contract to pay it then arises." See also City of Louisville v. Henderson's Trustee et al., 13 S. W. 111, 11 Ky. Law Rep. 796, holding that the fact that liability for the payment of a liquidated claim is in good faith disputed and litigated by the debtor does not relieve him from the payment of interest from the date on which the demand originally became due, even though the debtor denied liability for the amount claimed.

Judgment affirmed.