### Siler et al. v. Corbin Building & Supply Co.

Dec. 8, 1943.

J. B. Johnson, Joe S. Feather, and R. Lee Brown for appellants.

T. E. Mahan for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This appeal is from a judgment in favor of the appellee, Corbin Building & Supply Company, for $448 with interest thereon from June, 1937.

The appellants insist the evidence does not support a finding in favor of the appellee; that the statement relative to the mechanic's lien was not properly filed; and that, even should there be a finding for the appellee, interest should be allowed only from the date of the judgment.

Between June, 1936, and June, 1937, the company furnished certain building materials to the Silers, some of which were used in construction work and in repairs on their home, while others were used on another building job which Dr. Siler had under way. The company also furnished some workmen who worked under the direction of the Silers. The materials used on the Siler home were ordered by the workmen in most instances, and the bookkeeper for the company said the two accounts were kept separate. Monthly statements were furnished Dr. Siler, and there appears to have been no question raised concerning them until shortly before this action was filed. There is some proof that Dr. Siler questioned certain items, and that he wanted to offset his account with a bill which he had against a stockholder of the company. The company offered testimony in support of its claim that the prices of the materials were reasonable, and that all materials were furnished at the request of the Silers, or by those working under them. There was proof for the Silers in support of their claim that the accounts had been confused and were inaccurate, that some of the prices were excessive, and that the charges for materials were far out of line when compared with the labor cost. The Silers offered proof also in support of their counterclaim for damages because of inferior workmanship in the construction of a tile roof. To offset this proof the company produced evidence to the effect that the defective work was not performed by their workmen, but rather by the workmen who repaired a gutter. Since our examination of the evidence leaves us with no more than a doubt as to the correctness of the chancellor's ruling, we are not disposed to disturb it. Young v. Young's Adm'r, 294 Ky. 362, 171 S. W. (2d) 1002.

It is insisted the company did not file its statement with the clerk within the time prescribed by KRS 376.080,

but the record shows it was filed within less than a month of the furnishing of the last item of material. This was sufficient. Mingo Lime & Lumber Co. v. Stanley, 257 Ky. 687, 79 S. W. (2d) 4. The contention is made also that no notice was given the Silers within 35 days after the furnishing of the last item of material of the intention to hold the property liable, and the amount for which the lien would be claimed. This provision of KRS 376.010 applies to persons who do not contract directly with the owner or his agent. Here the dealings were between officers of the company and the Silers, so the provision is not applicable.

Lastly, it is urged that interest should have been allowed only from the date of the judgment. Dr. Siler had been rendered an account and demand had been made for payment, and he was familiar with the type of materials furnished. Under the ruling of Powell v. Sparks Milling Co., 285 Ky. 727, 149 S. W. (2d) 22, it was proper to allow interest because of the circumstances just mentioned.

Judgment affirmed.