**Shelby SHANKLIN, Jr., et al., Appellants,**

v.

**Jane W. TOWNSEND et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 6, 1968.

Alvin B. Trigg, Joe C. Savage, Wallace, Turner & Trigg, Lexington, for appellants.

Joseph L. Arnold, Nolan Carter, Jr., Allen, Duncan, Duncan & Arnold, Lexington, for appellees.

PER CURIAM.

In Shanklin v. Townsend, Ky., 431 S.W. 2d 874, decided March 22, 1968, and modified on denial of rehearing September 27, 1968, this court held that the appellants-plaintiffs were entitled to recover real-estate commission from the appellees. It was noted in the opinion:

> "* * * the suit is not for damages resulting from a breach of contract but for compensation due under the terms of the contract." Id., 431 S.W.2d 877.

The concluding paragraph of the opinion provides:

> "The judgment is reversed with directions to enter a new judgment in favor of the appellants in accordance with the prayer of the complaint." Id., 431 S.W. 2d 880.

The prayer of the complaint sought interest from the date the option was accepted by Hannah-Gardner.

The appellees moved to amend the mandate so that it would allow interest on the sum due the appellants only from the date the final judgment was entered in the circuit court upon remand. On October 30, 1968, we entered an order sustaining that motion of appellees and providing that a new mandate be issued which would afford the relief sought by the appellees.

Appellants have made timely motion for reconsideration of our order of October

30, 1968. Upon further investigation of the issues at hand, we are impelled to the conclusion that our order of October 30, 1968, was erroneous and that the appellants' motion to reconsider it must be sustained.

■ It is well established that interest is recoverable as a matter of law in an action upon a liquidated claim. As put in 22 Am.Jur.2d, Damages, Section 180, Page 258: "In short, the general rule is that interest is allowed as a matter of right for failure to pay liquidated claims when due." Some of the decisions of this court supporting that general statement include Henderson Cotton Mfg. Co. v. Lowell Machine Shops, 86 Ky. 668, 7 S.W. 142; City of Louisville v. Henderson's Trustee, 13 S.W. 111, 11 Ky.LawRep. 796; Powell v. Sparks Milling Co., 285 Ky. 727, 149 S.W.2d 22; Helton v. Hoskins, 278 Ky. 352, 128 S.W.2d 732; Tapp v. Tapp's Trustee, 299 Ky. 345, 185 S.W.2d 534; Commonwealth v. Slack, Ky., 291 S.W.2d 553; Dalton v. Mullins, Ky., 293 S.W.2d 470, 477; Humphreys v. J. B. Michael & Co., Ky., 341 S.W.2d 229, 236; and General Accident Fire & Life Assur. Corp. v. Judd, Ky., 400 S.W.2d 685, 687.

■ It seems equally well established from the authorities just cited that a claim which qualifies as a "liquidated claim" may not be rendered "unliquidated" by virtue of a good-faith denial of liability. See City of Louisville v. Henderson's Trustee, 13 S.W. 111, 113, 11 Ky.Law.Rep. 796, in which it was written:

> "But where, by the contract between the parties, the debt is due at a certain time, and the debtor has therefore impliedly promised to pay interest from that time, or has perhaps expressly so promised, upon whatever may be owing to his creditor, he cannot certainly defeat his right to it by a vain and unsuccessful dispute of the amount of the debt. Such a rule would not only be unjust, but unsustained by all modern precedent. Interest upon this claim was allowable, as a matter of law, because it was payable, by the con-

tract between the parties, at a certain time; * * *."

The rationale of that pronouncement has been followed throughout our cases and is applicable to the present situation. It is therefore ordered that the previous order of October 30, 1968, modifying the original mandate herein, be set aside and held for naught and the mandate as originally issued, providing for entry of a new judgment in favor of the appellants, in accordance with the prayer of the complaint, be issued forthwith.

All concur.