**William J. COOPER d/b/a William J. Cooper Company and Earl Robert Muir, III, Appellants,**

**v.**

**Curt HUBBARD and Betty Hubbard, his wife, Appellees.**

**and**

**Curt HUBBARD and Betty Hubbard, his wife, Cross-Appellants,**

**v.**

**William J. COOPER, d/b/a William J. Cooper Company and Earl Robert Muir, III, Cross-Appellees.**

Court of Appeals of Kentucky.

Jan. 31, 1986.

J. Fox DeMoisey, Ruck, Roseberry, Wilson & Cooper, Louisville, for appellants/cross-appellees.

William P. Croley, Hamilton, McClellan, Croley & Moore, Lagrange, for appellees/cross-appellants.

Before COMBS, COOPER and MILLER, Judges.

COMBS, Judge.

This is an appeal and cross-appeal from a judgment of the Oldham Circuit Court in appellants' action against appellee for breach of a real estate sales contract.

During March of 1973, appellees Curt and Betty Hubbard contracted to purchase thirty-six acres of land owned by a Mr. Chambers. The Hubbards took physical possession of the land, but Mr. Chambers retained the legal title pending satisfaction of the purchase price.

Five years later, the Hubbards listed the thirty-six acres for sale with appellant, William J. Cooper, Sr., a licensed real estate broker. The parties entered into a standard real estate listing contract, wherein Cooper agreed to produce a willing, capable and ready buyer for the property in exchange for a ten percent real estate commission.

Pursuant to the listing agreement, Cooper persuaded appellant Earl Robert Muir, III to buy the thirty-six acres. Muir offered to purchase the property for $45,000 in cash, and deposited the money with the Hubbards' attorney. The Hubbards accepted Muir's offer.

The parties met to close the sale in June of 1978. However, Mr. Chambers, the holder of the legal title and the contract for deed, refused to accept the purchase money or to deed the property over to the Hubbards. As a result, the Hubbards were unable to deed the property to Muir.

The Hubbards filed an action against Chambers, seeking specific performance of the contract for deed. Chambers counter-claimed on a collateral debt, seeking approximately $60,000 in damages. Ultimately, the lawsuit was settled when the Hubbards' quitclaimed their interest in the subject property back to Chambers, in return for Chambers' releasing the $60,000 collateral debt claim.

Muir re-negotiated the purchase of the property with Chambers, through real estate agent Cooper. Muir acquired the property from Chambers for $52,500, a difference of $7,500 from the Muir-Hubbard contract price of $45,000. Cooper, as agent for the buyer, divided the real estate commission with the seller's agent. Cooper received $1,837.50 as his part of the commission from the Chambers-Muir sale.

Cooper and Muir brought this action against the Hubbards for breach of the real estate sales agreement. Cooper sought to recover his $4,500 real estate commission plus interest from the day the Muir-Hubbard offer was accepted, and Muir sought to recover the loss of his bargain plus special damages. The trial court ruled that Cooper procured a ready, willing and able buyer pursuant to the listing agreement, and that he was entitled to his $4,500 commission. However, the court reduced Cooper's recovery by the $1,837.50

commission from the Chambers-Muir sale and declined to award him interest on the commission. The Court also ruled that Muir was not entitled to the loss of his bargain.

Appellant Cooper argues that he is entitled to the full $4,500 real estate commission plus interest from the day the Hubbards accepted Muir's offer. Appellant Muir argues that the trial court erred in refusing to award him his loss of bargain. In contrast, cross-appellant Hubbard argues that Cooper is not entitled to any real estate commission because he was fully apprised of the Hubbards' defective title at the time of the listing agreement. Hubbard also contends that Muir should not recover his loss of bargain because Muir failed to establish the fair market value of the property at the scheduled closing date, or to prove his special damages.

We would like to consider the parties' factual claims on the merits, but the record on appeal contains insufficient evidence for us to determine whether or not the trial court's findings of fact are clearly erroneous. *See* CR 52.01.

■ The designated record in this case does not include the transcript of the evidence before the trial court. The record is limited to the testimony of William S. Chambers and the trial court's tentative findings of fact. Although interesting reading, the trial court's findings of fact are not reviewable evidence and Chambers' testimony is not competent to establish events and conversations involving Cooper, Muir and the Hubbards, but not involving Chambers. Based on the evidence before us, it is impossible for us to determine whether Muir's claim for special damages and loss of bargain is supported by evidence in the record. Likewise, we cannot tell whether Cooper induced the Hubbards to enter into the listing agreement with actual knowledge of the defective state of their title. We cannot resolve these issues because the record is insufficient, so we conclude that Muir's appeal and Hubbards' cross-appeal must be dismissed. *Oldfield v. Oldfield*, Ky., 663 S.W.2d 211 (1984).

■ We reach a different result with appellant Cooper's appeal. Cooper argues that the trial court erred in granting him full recovery under the Cooper-Hubbard listing agreement, and then offsetting his recovery by the amount he received in the unrelated Chambers-Muir sale. We agree with appellant's contention. In *Marcum v. Wilhoit, Banking and Securities Commissioner*, 290 Ky. 532, 162 S.W.2d 10 (1942), the court discussed the legal principle of said office as follows:

> The generally applicable law governing the right of set-off is that there must be mutuality of obligation; i.e., the debts must be owing between the same persons and at the same right.... There is, however, a generally recognized exception to the rule where to deny a set-off would entail inequity and hardship which its allowance would avert, and in such cases a court of equity will allow such set-off. *Id.* at 535 [162 S.W.2d 10].

The case before us does not involve the mutuality of obligation contemplated in *Marcum*. Although the Hubbards clearly owed Cooper a $4,500 commission when he performed his part of the listing agreement, there is no debt running from Cooper to the Hubbards and no corresponding right of set-off.

We also note that the Hubbards will entail no inequity and hardship in paying the full commission. Cooper performed two distinct and separate services for two completely different employers, the Hubbards and Mr. Chambers. The Hubbards are not "paying twice" in paying the full commission, and Cooper will not be unjustly enriched in receiving his full commission for the two separate services.

Cooper also asserts that *Shanklin v. Townsend*, Ky., 434 S.W.2d 655 (1968), requires the trial court to award him interest on his commission as of the date the Hubbards accepted the Muir's offer to purchase the property. In *Shanklin*, the court held that "interest is recoverable as a matter of law in an action upon a liquidated claim." *Id.* at 656.

■ Under the terms of the listing agreement, the Hubbards owed Cooper his $4,500 real estate commission at the moment they accepted Muir's offer to purchase the property for $45,000. Like *Shanklin,* the case before us is not an action for "damages resulting from a breach of contract but for compensation due under the terms of the contract." *Id.* at 655. Cooper's claim qualifies as a "liquidated claim" which is not rendered "unliquidated" by virtue of the Hubbards' good faith denial of liability. Because Cooper was contractually entitled to his commission at the moment the Hubbards accepted Muir's offer, Cooper is entitled to interest from that same date as a matter of law.

The appeal of Earl Robert Muir, III and the cross-appeal of Curt and Betty Hubbard are hereby dismissed. The judgment of the Oldham Circuit Court involving William J. Cooper's real estate commission is reversed and remanded with directions to award Cooper the full $4,500 real estate commission, plus interest from the date the Hubbards accepted Muir's offer.

All concur.