RENDERED:  MAY 7, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0824-MR

APRIL FIKE                                                                                    APPELLANT

v.
APPEAL FROM WARREN CIRCUIT COURT
HONORABLE JOHN R. GRISE, JUDGE
ACTION NO. 18-CI-00475

THE MEDICAL CENTER AT BOWLING GREEN                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; MCNEILL AND L. THOMPSON,
JUDGES.

THOMPSON, L., JUDGE:  April Fike ("Appellant") appeals from a final order

and judgment of the Warren Circuit Court awarding damages to The Medical

Center at Bowling Green ("Appellee") for medical services rendered to Appellant

in 2005.  Appellant argues that the circuit court erred in failing to conclude that the

defense of laches barred Appellee's recovery. For the reasons addressed below, we find no error and affirm the order and judgment on appeal.

## FACTS AND PROCEDURAL HISTORY

On December 15, 2005, Appellant went to Appellee's emergency room complaining of severe abdominal pain and fever. She presented proof of medical insurance, signed a document agreeing to pay for any services, received treatment from an emergency room physician, and was discharged. The cost of the services rendered was $3,822.51.

Though Appellee was informed of Appellant's health insurance coverage, it never billed the insurance provider for the services rendered to Appellant. In 2006, Appellee used Hillcrest Credit Agency ("Hillcrest"), a debt collection agency, to attempt recovery of the sums owed by Appellant. Those efforts were not successful. In 2009, Hillcrest renewed its efforts, resulting in Appellant allegedly saying that she was not going to pay the debt. Appellant received other medical services from Appellee in 2009 related to the birth of her child.

No other collection efforts were made through 2017, other than a $20 credit being applied to Appellant's account arising from the 2009 services. Hillcrest made another collection effort in 2018. When this effort was not successful, Appellee filed the instant action seeking recovery of the principal, plus

pre- and post-judgment interest and attorney fees for a total of $7,407.38. Appellant raised the defense of laches, arguing that Appellee's unreasonable delay of about twelve years in prosecuting the claim made it impossible for her to produce medical and insurance records required to defend the claim.

In April 2019 and May 2019, the parties filed competing motions for summary judgment. Those motions were denied by way of an order entered in September 2019, and a bench trial was scheduled. In March 2020, the parties filed a joint motion to waive the bench trial and have the matter submitted on the record for final adjudication. The matter was taken under submission, and the following month, the court entered its final order and judgment.

In its judgment, the circuit court ruled in relevant part that the doctrine of laches could not bar Appellee's recovery because the claim was governed by a statute of limitation. While acknowledging that the long statutory period might encourage a plaintiff to delay an action thereby increasing accumulated interest, the court determined that it was bound by the law to enter a judgment in favor of Appellee for the sums owed. Though not believing that Appellee was equitably entitled to pre-judgment interest brought about by the years-long delay in seeking recovery, the court determined that the law was clear on this matter and the circuit court had no discretion but to award accrued interest. As such, it entered a judgment in favor of Appellee in the amount of $3,802.51 plus pre- and post-

judgment interest, as well as attorney fees in the amount of $1,500.00. This appeal followed.

## ARGUMENT AND ANALYSIS

Appellant argues that the Warren Circuit Court erred by failing to apply the doctrine of laches to bar Appellee's recovery of the sums owed. Appellant directs our attention to *Plaza Condominium Association, Inc. v. Wellington Corporation*, 920 S.W.2d 51, 54 (Ky. 1996), wherein the Kentucky Supreme Court held that the doctrine of laches "serves to bar claims in circumstances where a party engages in unreasonable delay to the prejudice of others rendering it inequitable to allow that party to reverse a previous course of action." (Citation omitted.) She asserts that the facts of the instant proceeding are precisely of the type envisioned by *Plaza Condominium Association*, as Appellee unreasonably delayed its collection efforts resulting in prejudice to Appellant. Specifically, Appellant asserts that Appellee's unreasonable delay denied her access to essential billing and insurance records required to defend the action. She also argues that the delay unnecessarily increased any accrued pre-judgment interest.

Appellant argues that the Warren Circuit Court erred in concluding that the doctrine of laches was not applicable because the statute of limitations had not yet run. Rather, Appellant maintains that the circuit court should have

considered 1) whether the delay in bringing the claim was unreasonable and, if so, then 2) whether the unreasonable delay prejudiced Appellant. Appellant asserts that both of these questions must be answered in the affirmative, as Appellee's unreasonable delay of twelve years prevented Appellant from compiling necessary billing and insurance documents. Appellant further argues that the pre-judgment interest of $3,604.87 and attorney fees of $1,500.00 also prejudiced her, as these sums would not have been awarded had Appellee pursued the claim in a timely manner. Appellant contends that we must review questions of law *de novo* without deference to the circuit court's decision, and she seeks an opinion remanding the matter with instructions to dismiss the action with prejudice based on the defense of laches.[1]

In order to receive medical treatment on December 15, 2005, Appellant signed a document titled "General Conditions of Admission, Consent, Assignment of Benefits & Financial Agreement." This agreement contains language in which Appellant agreed to pay for the services rendered. She further acknowledged that while Appellee may submit a claim for insurance benefits as a courtesy to Appellant, she remained responsible for the filing process and for any

---

[1] We should note again that the parties' motions for summary judgment were denied by way of an order entered on September 4, 2019. The final order and judgment was entered on April 20, 2020. Appellant appeals only from the final order and judgment. Though Appellant cites summary judgment law in her written argument, the September 4, 2019 order denying summary judgment has not been appealed and is not now before us.

unpaid portion of the bill. The services rendered totaled approximately $3,822.51[2] and were never billed to Appellant's health insurance provider. Appellant does not dispute signing the financial agreement, nor that she received medical treatment costing approximately $3,822.51. The salient question for our consideration, then, is not whether the medical services were rendered or whether Appellant agreed to pay the bill, but whether Appellee's purported delay in seeking payment should operate to bar it from recovery. After closely examining the record and the law, we must answer this question in the negative.

*Plaza Condominium Association*, upon which Appellant relies in part, stands for the general proposition that "[p]rior to the expiration of the limitation period . . . one claiming [laches] must also show prejudice." *Plaza Condominium Ass'n*, 920 S.W.2d at 54. The Court in *Plaza Condominium Association* determined that while the statutory period in that case had not concluded, laches could not be applied to avoid payment because no prejudice was found. *Id.*

In considering Appellant's defense to Appellee's claim for damages, however, the Warren Circuit Court determined that "laches is not an applicable defense in this case because Plaintiff seeks a legal remedy."[3] In reaching this

---

[2] Appellant points to what she claims are contradictory billing statements and disputes the amount owed.

[3] Judgment on appeal at p. 3.

conclusion, the circuit court relied on *Gover's Administrator v. Dunagan*, 299 Ky. 38, 184 S.W.2d 225 (1944). In *Gover's Administrator*, Kentucky's then-highest court distinguished between legal and equitable claims, ultimately concluding that in purely legal claims "the statute of limitations rather than the doctrine of laches is applicable." *Id.* at 227.[4] And as noted by the Warren Circuit Court, *Gover's Administrator* has no negative history and has not been overturned.

We find no error in the Warren Circuit Court's conclusion that the doctrine of laches does not apply to a purely legal claim for money damages prosecuted within the applicable statutory period. In the matter before us, Appellee raised a legal claim for money damages within the statutory period. As such, the statutory period rather than the doctrine of laches determines Appellee's window of recovery. The record demonstrates that Appellee provided medical services to Appellant; that prior to the receipt of those services she agreed to pay the bill irrespective of insurance; that no payment was made for the services rendered; and that Appellee sought damages arising therefrom during the statutory period. The record on appeal contains the agreement signed by Appellant, her admissions, an affidavit of the medical records custodian, the original bill,

---

[4] A claim is said to be equitable when it seeks a nonmonetary award, such as an order to do or not do something "when monetary damages are not sufficient to repair the injury." *Equitable Relief*, NOLO.COM, https://www.nolo.com/dictionary/equitable-relief-term.html (last visited April 30, 2021).

documentation of occasional collection attempts throughout the years, Appellant's answers to interrogatories, an affidavit from a Hillcrest manager documenting its collection attempts, and the affidavit of Appellant's mother. The record and the law are sufficient to affirm the ruling of the Warren Circuit Court on this issue.

*Arguendo*, even if the doctrine of laches were properly applied to the matter before us, we would find no prejudice in Appellee's years-long delay in prosecuting its claim. It is uncontroverted that Appellant received medical services from Appellee, that Appellee sought payment, and that no payment was made. Prejudice arising from the delay in prosecuting the claim, if any, could derive only from the question of whether insurance coverage should pay the bill. Because Appellant executed a document agreeing to pay her bill irrespective of insurance coverage, such coverage could not form the basis for showing prejudice.

Appellant also argues that Appellee's unreasonable delay in prosecuting its claim prejudiced her by accruing interest in an amount almost equaling the principal amount owed. In examining this issue, the Warren Circuit Court noted the "perverse incentive" inherent in the statute of limitations, which may incentivize a party to delay action in order to accrue additional interest. The court, however, recognized that such an award is a matter of right as a result of the written agreement between the parties and the case law. We agree, and find no

error.  *See generally Hall v. Rowe*, 439 S.W.3d 183, 188 (Ky. App. 2014), *Shanklin v. Townsend*, 434 S.W.2d 655, 656 (Ky. 1968).

## **CONCLUSION**

The doctrine of laches does not apply to a claim seeking money damages within the statutory period.  *Gover's Adm'r*, *supra*.  Even if laches did apply to such a claim, the necessary element of prejudice could not be proven because it was uncontested that Appellant received medical services and did not pay the bill despite agreeing to do so irrespective of insurance coverage.  And finally, pre- and post-judgment interest accrued on the debt, as well as reasonable attorney fees.  For the foregoing reasons, we affirm the judgment of the Warren Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Lanna Martin Kilgore
Bowling Green, Kentucky

BRIEF FOR APPELLEE:

C. Terrell Miller
Bowling Green, Kentucky