COMMONWEALTH of Kentucky,
Movant,

v.

Johnny MILLER, Respondent.

Supreme Court of Kentucky.

Dec. 19, 1978.

Robert F. Stephens, Atty. Gen., Reid C. James, Asst. Atty. Gen., Frankfort, for movant.

C. Thompson Evans, II, Louisville, for respondent.

LUKOWSKY, Justice.

Miller was convicted of theft by deception in violation of KRS 514.040. His punishment was fixed at confinement in the penitentiary for one year. The trial judge withheld the imposition of sentence and the entry of judgment and placed him on probation for a period of five years. KRS 533.020. The Court of Appeals reversed the Taylor Circuit Court. We reverse the Court of Appeals and affirm the circuit court.

The only question to be answered on review is whether the trial judge erred when he refused to give the following instruction to the jury when so requested by Miller.

"Deception as to the person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise."

The source of this language is KRS 514.-040(3).

An examination of KRS 514.040 discloses that the elements of the offense are contained in subsection (1) subdivisions (a) through (e) and that subsection (3) is intended to be a caveat to the trial judge. It prescribes a standard to be followed by him in determining whether there is sufficient evidence to warrant the submission of the deception issue to the jury.

This caveat is but the reverse of a presumption. It is the traditional Kentucky view that such matters should not be included in the instructions to the jury because to do so invades their province to weigh the evidence and draw their own conclusions. See *Mason v. Commonwealth*, Ky., 565 S.W.2d 140 (1978); *Wells v. Commonwealth*, Ky., 561 S.W.2d 85 (1978). Consequently, the trial judge did not err when he refused the requested instruction.

The decision of the Court of Appeals is reversed and the judgment of the Taylor Circuit Court is affirmed.

All concur.