William L. **BUTTS**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
Appellee.

Supreme Court of Kentucky.

April 10, 1979.

Rehearing Denied July 3, 1979.

included offense situation condemned in *Sherley v. Commonwealth*, Ky., 558 S.W.2d 615 (1977), is not present here.

Martha A. Lawfer, John Tim McCall, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee.

LUKOWSKY, Justice.

Butts was convicted of four counts of theft by deception, KRS 514.040, one count of theft of services, KRS 514.060, six counts of theft by failure to make required disposition of property, KRS 514.070, and two counts of theft of labor, KRS 514.090. He was sentenced to a total of twenty years' imprisonment.[1] He appeals. We reverse the conviction for theft of services and affirm the convictions on the other twelve counts.

Butts controlled and was general manager of Sentry Electronics, Inc. The corporation was in the business of selling home security systems. The business was started in 1976 and folded in September, 1977, because of financial difficulties. During its lifetime Sentry failed to return money due customers, and failed to pay its bills and the salaries of its employees.

Butts contends, among other things, that the trial court erred in denying his motions for directed verdicts of acquittal of all the charges of which he was convicted. His other allegations of error are so patently without merit that we need not discuss them.

KRS 514.060(1)(a) provides in pertinent part:

"A person is guilty of theft of services when: (a) He intentionally obtains services by *deception* . . . to avoid payment for services which he knows are available only for compensation . . ." (Emphasis added).

Butts was convicted of intentionally obtaining Tipton's services by deception so as to avoid payment.

Tipton worked as a telephone solicitor for Sentry from March, 1977, until early June when she quit because of illness. She was fully paid for her services during this period. In late June, after she had recovered, she was rehired by Butts for Sentry. She worked for a shade over two weeks before she quit for a second time. Her reasons for quitting were changes in the terms of her employment.[2] She was never paid for her last two weeks of work. Butts maintains he intended to pay her, but could not because Sentry had run out of funds.[3]

The real issue presented is whether it can be inferred from this evidence that Butts had no intention to pay Tipton for her services at the time he rehired her. We think not.

KRS 514.040(3) provides:

have been paid on a commission basis instead of an hourly rate.

---

1. The maximum sentence which can be imposed by law for these multiple offenses. KRS 532.110(1)(c); KRS 532.080(6)(b).

2. She would have been required to work out of her home instead of Sentry's offices and would

3. If Butts had issued a cold check for this claim he would have exposed himself to potential prosecution for theft of labor. KRS 514.090.

"*Deception* as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise." (Emphasis added).

In *Commonwealth v. Miller*, Ky., 575 S.W.2d 467 (1978), we held that KRS 514.-040(3) is a standard to be applied by a trial judge in determining whether there is sufficient evidence to warrant submission of the *deception* issue to the jury in theft by deception cases. The only real distinction between theft by deception under KRS 514.-040 and theft of services by means of deception under KRS 514.060 is that in the former case property is obtained and in the latter case services are obtained. Consequently, there is no reason why this same standard should not be applied in a theft of services by deception case.

■ The evidence at trial neither directly establishes nor permits the inference that Butts had the necessary intent to deceive Tipton and thereby obtain her services "for free" at the time he rehired her. Rather the record merely shows that Butts promised to pay Tipton for her services and failed to do so because of financial difficulties. He certainly breached his promise to pay but without more the remedy for such a breach is a civil suit not a criminal prosecution. Brickey, Kentucky Criminal Law Sec. 14.03(3)(a) at 153 (1974). The trial court should have granted Butts' motion for a directed verdict of acquittal of this count.

KRS 514.070 provides:

"(1) A person is guilty of theft by failure to make required disposition of property received when:

(a) He obtains property upon agreement or subject to a known legal obligation to make specified payment or other disposition whether from such property or its proceeds or from his own property to be reserved in equivalent amount; and

(b) He intentionally deals with the property as his own and fails to make the required payment or disposition."

Butts contends that his motions for directed verdicts of acquittal on these charges should have been granted because there was no evidence that he dealt with customers' property, which Sentry held under an obligation to repay, as his own. Rather, he maintains that he obtained the property as Sentry's agent and that he disposed of the property for the benefit of Sentry and not himself. We do not agree with this contention.

■ An agent of a corporation is liable for crimes he commits for the benefit of or in the name of a corporation "to the same extent as if the conduct were performed in his own name or *behalf.*" KRS 502.060 (Emphasis added). The purpose of this section of the Penal Code is to prevent an individual from hiding behind a corporation to avoid criminal liability for his conduct. KRS 502.060 Commentary (1971). The evidence is uncontradicted that Sentry intentionally dealt with customers' property as its own. Butts was the agent of Sentry who executed these illegal conversions. By operation of statute Butts is responsible for converting the property.

Butts was not entitled to a directed verdict of acquittal on the theft by deception and theft of labor counts. There is more than adequate evidence in the record to establish each element of these offenses.

The judgment is reversed on the theft of services count and the cause is remanded to the trial court with directions to dismiss this count. In all other respects the judgment is affirmed.

All concur.