**Lon CUMMINGS and Ingrid Cummings, John Edward Cummings, Don Cummings and Candi Cummings, Appellants**

v.

**Peggy Ann COVEY and Jeff Covey, Appellees.**

No. 2005–CA–001584–MR.

Court of Appeals of Kentucky.

July 6, 2007.

Kristi R. Carver, Burkesville, KY, for Appellant.

Michael A. Rains, Monticello, KY, for Appellee.

Before HOWARD and WINE, Judges; BUCKINGHAM,[1] Senior Judge.

## OPINION

HOWARD, Judge.

This is an appeal from an order of the Clinton Circuit Court granting a motion brought by the Appellants (hereinafter "Cummings") for attorney fees. While granting their motion and awarding a fee of $8,000.00, the trial court effectively limited that award by allowing recovery of the fee only from the funds recovered from the Appellee, Peggy Ann Covey (hereinafter "Covey"), pursuant to a judgment already awarded against her in the sum of $3826.00. Finding no error in the circuit court's ruling, we affirm.

Peggy Ann Covey was appointed executrix of the estate of her mother, Shirley Cummings, on May 19, 2000, by the Clinton District Court. She and the Appellants, Lon Cummings and Don Cummings, were the three surviving children and the only beneficiaries of Shirley Cummings' will. That will, in essence, left her home to Covey and the residue of her estate to her two sons, Lon and Don. On October 23, 2000, Lon and Don Cummings, together with their spouses, filed a complaint against Covey alleging that she had wrongfully expended monies from their mother's estate, to the detriment of their recovery under the residuary clause, and seeking damages to be repaid to the estate.

Covey was eventually removed as executrix of the estate by the Clinton District

1. Senior Judge David C. Buckingham sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statute 21.580.

Court. A local attorney, not related to the parties, was appointed in her stead. Subsequently, a jury trial was held in the Clinton Circuit Court on January 27, 2005. The jury returned a verdict finding that Covey had indeed breached her duties as executrix of Shirley Cummings' estate, but ordered her to repay the estate only $3,826.00, far less than the amount sought.

On June 6, 2005, Lon and Don Cummings brought a motion pursuant to KRS 412.070 seeking $10,000 in attorney fees, over and above the judgment. The circuit court granted the motion and awarded attorney fees in the amount of $8,000 by a docket notation entered the same day and by a separate order entered August 18, 2005. However, the circuit court effectively negated this award by limiting the recovery of the attorney fees to the funds recovered from Covey pursuant to the previously entered judgment of $3826.00. This appeal followed.

The appellants contend that requiring the attorney fees to be paid from the funds recovered is "greatly inequitable and unjust." They argue that the judgment against Peggy Covey is the only asset left, after the payment of the debts of the estate. They ask that Covey be held "personally liable for the attorney's fees," in addition to the amount of the judgment.

■ Kentucky has long followed the "American Rule," that in the absence of a statute or contract expressly providing therefor, attorney fees are not allowable as costs, nor recoverable as an item of damages. *Dulworth & Burress Tobacco Warehouse Co. v. Burress*, 369 S.W.2d 129 (Ky. 1963); *Holsclaw v. Stephens*, 507 S.W.2d 462 (Ky.1973), *disapproved on other grounds by Jacobs v. Lexington–Fayette Urban County Government*, 560 S.W.2d 10 (Ky.1977).

In *Motorists Mutual Insurance Co. v. Glass*, 996 S.W.2d 437, 455 (Ky.1997), the Kentucky Supreme Court held,

Absent a written agreement or authorizing statute, a party to an action may not recover attorney fees from the adverse party.

In *Aetna Casualty and Surety Co. v. Commonwealth*, 179 S.W.3d 830, 842 (Ky. 2005), the court held,

[W]ith the exception of a specific contractual provision allowing for recovery of attorneys' fees or a fee-shifting statute, ... each party assumes responsibility for his or her own attorneys' fees....

Obviously, it is not alleged that there is any applicable contract allowing for the recovery of attorney fees in this case. KRS 412.070(1) is the only statute cited either to the trial court or to us that is alleged to apply. This statute provides as follows:

In actions for the settlement of estates ... if one (1) or more of the legatees, devisees, distributees or parties in interest has prosecuted for the benefit of others interested with him, and has been to trouble and expense in that connection, the court shall allow ... his attorney reasonable compensation for his services, in addition to the costs. **This allowance shall be paid out of the funds recovered before distribution.** (Emphasis added).

■ When a statute is plain and unambiguous, its language is to be given effect as written. *Lynch v. Commonwealth*, 902 S.W.2d 813, 814 (Ky.1995). KRS 446.080(4) requires that the words used in a statute are to be construed "according to the common and approved usage...." This Court need not speculate upon legislative intent in order to interpret the language of a statute which is abundantly clear. *Stephenson v. Woodward*, 182 S.W.3d 162, 172 (Ky.2005).

KRS 412.070(1) is clear on its face. By using the mandatory term "shall," the statute unequivocally requires that attorney fees awarded under this statute must be paid from the funds recovered. "Shall means shall." *Vandertoll v. Commonwealth*, 110 S.W.3d 789, 796 (Ky.2003).

*Black's Law Dictionary*, 1233, 5th ed.1973, as quoted in *Vandertoll v. Commonwealth*, *supra*, states,

> In common or ordinary parlance, and in its ordinary signification, the term "shall" is a term of command and ... must be given a compulsory meaning. *Vandertoll*, 110 S.W.3d at 795–796.

Therefore, as the plain language of the statute allows the award of attorney fees only from the recovered funds, the trial court properly limited the fees to be paid to those available from that source.

We recognize that there are a few cases indicating that a trial court may have the discretion to award attorney fees in certain situations beyond the general rule, acting in equity. *Kentucky State Bank v. AG Services, Inc.*, 663 S.W.2d 754 (Ky. App.1984) and *Flag Drilling Co., Inc. v. Erco, Inc.*, 156 S.W.3d 762 (Ky.App.2005). Exactly what circumstances would justify this exception to the general rule have never been spelled out. The exception does not seem to have ever been applied so as to award attorney fees under facts similar to those present in this case. In any event, if that exception to the rule were argued to apply here, such would only give the trial court the discretion to award or refuse to award such fees, and we could not say in this case that it was an abuse of that discretion for the circuit court to refuse to do so.

It is arguable that KRS 412.070 does not apply at all in this case, as there is no non-party for whose benefit the law suit was prosecuted. All of the beneficiaries of the will were parties and both beneficiaries of the residuary clause, Lon and Don Cummings, were Plaintiffs. However, no cross-appeal was brought and that issue is not before us. We would simply note that the trial court granted Cummings the only relief available under the statute cited, by awarding a fee from the recovery.

In short, KRS 412.070(1) sets forth specific situations in which attorney fees may be awarded in suits "for the settlement of estates," and only "out of the funds recovered." It does not in any way authorize the award of a separate fee against a wrongdoer, beyond the amount of the recovery. We have no latitude to decide, even if it might seem equitable, to do what the statute does not permit.

The judgment of the Clinton Circuit Court is affirmed.

ALL CONCUR.