RENDERED: DECEMBER 8, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1261-MR

NEAL A. HANEY; CUMBERLAND
PROPERTIES, LLC; HANEY
REALTY HOLDINGS, LLC;
SHORELINE DEVELOPMENT LLC;
AND WESTEND ENTERPRISES, LLC                    APPELLANTS


                    APPEAL FROM PULASKI CIRCUIT COURT
v.                  HONORABLE TERESA WHITAKER, JUDGE
                    ACTION NO. 16-CI-00708


JEROME C. STYKES A/K/A JERRY
STYKES                                          APPELLEE

AND


                    NO. 2022-CA-1335-MR


JEROME C. STYKES A/K/A JERRY
STYKES                                          CROSS-APPELLANT


                CROSS-APPEAL FROM PULASKI CIRCUIT COURT
v.                  HONORABLE TERESA WHITAKER, JUDGE
                    ACTION NO. 16-CI-00708

NEAL A. HANEY; HANEY REALTY
HOLDINGS, LLC; AND SHORELINE
DEVELOPMENT, LLC                                    CROSS-APPELLEES


OPINION REVERSING AND REMANDING
ON APPEAL NO. 2022-CA-1261-MR
AND AFFIRMING
ON CROSS-APPEAL NO. 2022-CA-1335-MR

** ** ** ** **

BEFORE:  CETRULO, COMBS, AND EASTON, JUDGES.

EASTON, JUDGE:  After a jury trial involving a contractual dispute, the

Appellant ("Haney") sought review of an award of attorneys' fees against him.

The Appellee/Cross-Appellant ("Stykes") sought review of the denial of

prejudgment interest and dismissal of certain additional claims.  After our review,

we reverse and remand the award of attorneys' fees on the appeal and affirm on the

question of prejudgment interest and dismissal of other claims on the cross-appeal.

FACTUAL AND PROCEDURAL BACKGROUND

        Haney filed the Complaint in the circuit court seeking damages arising

from a business relationship he had with Stykes for the purchase and resale of

properties.  That claim was dismissed on timeliness grounds and is not before us on

appeal.  Stykes counterclaimed for unpaid invoices for accounting work (tax

preparation) he had done for Haney.  This was the claim submitted for the jury

trial.  As part of this claim, Stykes wanted to recover a 2% "service fee" on the

-2-

invoices. He also sought to assert a claim that Haney had committed the crime of theft of services. Stykes also demanded punitive damages.

The circuit court did not permit the claims for the service fee, civil liability for the crime of theft of services, or punitive damages to be submitted to the jury. The jury awarded damages for breach of contract for the unpaid invoices, although the award was not for the full amount sought. After the trial, the circuit court awarded attorneys' fees to Stykes but denied prejudgment interest. The timely appeal and cross-appeal followed.

## STANDARD OF REVIEW

We have determined that most of the issues presented are questions of law rather than determinations of disputed fact. For example, the 2% service charge issue is based on undisputed language in the governing documents. This Court reviews how the circuit court applied the facts to the law *de novo*. *Weinberg v. Gharai*, 338 S.W.3d 307, 312 (Ky. App. 2007).

Awards of attorneys' fees are reviewed for an abuse of discretion. *Miller v. McGinty*, 234 S.W.3d 371, 373 (Ky. App. 2007). An award or denial of prejudgment interest is also reviewed for an abuse of discretion with the understanding that a party is entitled to such interest on a liquidated damages award. *Frankfort Plant Board Municipal Projects Corporation v. BellSouth Telecommunications, LLC*, 610 S.W.3d 315, 319 (Ky. App. 2020). "The test for

-3-

abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). Thus, a misapplication of the law alone may result in an abuse of discretion.

## ANALYSIS

We note at the outset that the record on appeal consists only of the last sections (about fifty pages) of the proceedings after the trial. Although the trial exhibits were included, no other record of the trial is present. For example, no recordings of any court proceedings are in the record. This does not comply with RAP[1] 24(A)(1) and (3). The parties have not addressed any omission as permitted by RAP 25.

We decline to request supplementation as permitted by RAP 25(D)(2). As previously noted, we have determined that most questions presented are governed by legal principles for which it is not necessary for us to have the entire record to review. But, to the extent the record is incomplete, the missing record is presumed to support the circuit court's decisions. *Commonwealth v. Thompson*, 697 S.W.2d 143, 145 (Ky. 1985).

All claims in this case are impacted by a provision in a form engagement letter repeatedly used for the accounting work:

---

[1] Kentucky Rules of Appellate Procedure.

My fee for these services is based upon the complexity of the work to be performed and the professional time to complete the work, plus out of pocket expenses, and may be billed on an interim basis. All invoices are due and payable upon presentation and I reserve the right to discontinue any or all further services until payment has been received. Additionally, if an invoice is not paid within ten (10) days of presentation, a service charge of two (2) percent each month, or portion thereof, will be added until the invoice is paid. Further, if I place an unpaid invoice in the hands of an attorney or collection agency for collection, you agree to pay me the full amount of the invoice plus all costs of collection as liquidating [sic] damages.

We will first address the claims not submitted to the jury, which are part of the cross-appeal. The 2% "service fee" does not have any explanation of what service is being provided for this charge. The circuit court correctly concluded that this fee was a hidden interest fee which runs afoul of usury law. *See Grace v. LVNV Funding*, 22 F. Supp. 3d 700 (W.D. Ky. 2014) (applying KRS[2] 360.010 which prohibits interest beyond a certain annual rate for individual debts below $15,000).

Stykes also wanted to establish liability as allowed by KRS 446.070. This statute allows anyone suffering damages because of a violation of a statute to seek an award of such damages if the statute violated did not otherwise provide a remedy for the injured person. This is an application of the negligence per se

---

[2] Kentucky Revised Statutes.

concept and can apply to violations of criminal statutes. *Readnour v. Gibson*, 452 S.W.3d 617, 621 (Ky. App. 2014). Stykes claimed Haney committed the crime of theft of services in violation of KRS 514.060.

In the context of this case, theft of services might be established by showing one of two circumstances. KRS 514.060(1)(a) is violated when some form of deception is used to receive the services when there was never an intention to pay for them. KRS 514.060(2) states "[w]here compensation for services is ordinarily paid **immediately** upon the rendering of the services, as in the case of hotels and restaurants, refusal to pay or absconding without payment or offer to pay shall be prima facie evidence that the services were obtained by deception as to intention to pay." (Emphasis added.)

KRS 514.060(2) does not apply to a contractual situation where an invoice is sent out and payment can be returned within a certain timeframe. And KRS 514.060(1)(a) is not violated just because a party to a contract failed to pay something they had agreed to pay. Failure to pay does not necessarily establish an intention never to pay from the beginning. *Butts v. Commonwealth*, 581 S.W.2d 565, 567 (Ky. 1979).

In those cases where liability is based on violation of a criminal statute, our previous cases do not make it clear whether the claimant must be able to prove guilt of the crime beyond a reasonable doubt, which could include proof

-6-

of an actual prior conviction. The criminal statute is not violated without such proof. On the other hand, one may argue KRS 446.070 merely adopts the behavior proscribed by a criminal statute as part of a negligence standard to be established by a preponderance of evidence. The answer to this question turns out not to be dispositive in this case.

While we do not have the complete record, we do have the depositions of the parties and the exhibits. In any event, whether decided by summary judgment or at the directed verdict stage of the trial, the claim based on proving a criminal act of theft of services was untenable given the evidence presented about the invoices and the reasons for their non-payment. We need not evaluate unaddressed considerations of election of remedy by Stykes for a contract dispute rather than a negligence per se recovery premised on an unproven criminal act. The circuit court correctly dismissed the overlapping theft of services claim.

This leads us to the punitive damages claim. This trial was about a breach of contract. Kentucky law does not countenance punitive damages in such cases. *Nami Resources Company, LLC v. Asher Land and Mineral, Ltd.*, 554 S.W.3d 323, 335 (Ky. 2018). The circuit court did not err in refusing to submit the punitive damages claim to the jury.

Since we have first addressed issues in the cross-appeal, we will complete the review of the cross-appeal before we move to the initial appeal. The

last issue for the cross-appeal is the denial of prejudgment interest. We start with the leading case of *Nucor Corporation v. General Electric Company*, 812 S.W.2d 136 (Ky. 1991). This case confirmed the rule that a litigant is entitled to prejudgment interest if the claim is liquidated. If not, the trial court may award prejudgment interest in its discretion. *Id.* at 141-42. The judge, not the jury, decides this claim. *Id.*

In the context of contracts, the court in *Nucor* gave examples of liquidated claims: "Common examples are a bill or note past due, an amount due on an open account, or an unpaid fixed contract price." *Id.* at 141. Rent owed on a lease is liquidated because the amount is a matter of simple calculation of the monthly or yearly amounts not paid. *See AnyConnect US, LLC v. Williamsburg Place, LLC*, 636 S.W.3d 556, 564 (Ky. App. 2021). Similarly, damages in mortgage enforcement cases are liquidated. *See Hamilton v. Trans Union Settlement Solutions, Inc.*, 295 S.W.3d 844, 849 (Ky. App. 2009). They are calculable based on a note which often has an amortized schedule of payments. The amount of a real estate commission is liquidated because it is based on a set percentage applied to an easily established sales price. *See Cooper v. Hubbard*, 703 S.W.2d 494, 497 (Ky. App. 1986).

The presence of an invoiced amount is not decisive, although it may indicate a liquidated claim. For example, in *Arete Ventures, Inc. v. University of*

*Kentucky*, 619 S.W.3d 906 (Ky. App. 2020), the claimed liability was the cost of remediation for a breach of contract. While the liability was contested, the amount of the remediation costs was certain. *Id.* at 913. When the liable party received an invoice for this amount and refused to pay, the amount claimed was liquidated and subject to prejudgment interest. *Id.* at 919.

A contrasting example is provided by *3D Enterprises Contracting Corporation v. Louisville and Jefferson County Metropolitan Sewer District*, 174 S.W.3d 440 (Ky. 2005). 3D sued for invoiced amounts on the contract it had with the sewer district. *Id.* at 444. But the sewer district did not just generally deny liability for the amount claimed. *Id.* It countered that 3D breached the same contract by not obtaining a certain warranty called for by the contract. *Id.* Significantly, the cost of the warranty was not set forth in the contract. *Id.* In these circumstances, the breach of contract claim was unliquidated.

The engagement letter which forms the basis of Stykes' contractual claim contains no listing of any kind of what charges were to be incurred for any specific service provided. The invoices gave only a total amount without itemization. What services were provided and what a proper charge was for that service were debatable under the unspecific language of the contract. In these circumstances, the circuit court did not err in concluding that Stykes' claim was

unliquidated. The circuit court did not abuse its discretion in denying prejudgment interest for the unliquidated claim.

This leaves the award of attorneys' fees, which is the subject of the appeal. We must address the American Rule for attorneys' fees. America developed this rule in contrast to the customary practice in England, which permits awards of attorneys' fees. The history of this development is well stated in *Alyeska Pipeline Service Company v. Wilderness Society*, 421 U.S. 240, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975).

"Kentucky has long followed the 'American Rule,' that in the absence of a statute or contract expressly providing therefor, attorney fees are not allowable as costs, nor recoverable as an item of damages." *Cummings v. Covey*, 229 S.W.3d 59, 61 (Ky. App. 2007). Kentucky courts had recognized an exception for an award of such fees as a matter of equity, but recent cases have restricted this authority to avoid the obliteration of the American Rule. *Bell v. Commonwealth, Cabinet for Health and Family Services, Dep't for Community Based Services*, 423 S.W.3d 742, 749 (Ky. 2014).

"Thus, we take this opportunity to clarify that, without a sound basis in contract or statute, a trial court may not award attorneys' fees. The trial court is still empowered to order a party to pay attorneys' fees as a sanction, but only when the integrity of the court is at stake." *Seegar v. Lanham*, 542 S.W.3d 286, 295 (Ky.

-10-

2018). Because we do not have the entire record, we cannot assess the circuit court's opportunity to consider attorneys' fees in this context. The circuit court based its award of attorneys' fees on the contract between the parties.

KRS 411.195 authorizes an award of attorneys' fees if agreed in a contract creating a debt. At this point, we will comment briefly on the hyper-technical argument that this statute does not apply because the contract between the parties here did not create a debt. While not a loan documented by a note, the contracts in this case clearly create debt owed for services performed.

Regardless of the argument about the language in KRS 411.195, the question then is whether the contract in this case "expressly" provided for attorneys' fees as costs. The parties argue about an ambiguity in the contract on this point and suggest the ambiguity should be interpreted against Stykes who drafted the contract. But ambiguity enters the equation only to the extent of assessing whether the contract terms are sufficient as an express provision for attorneys' fees to overcome the American Rule.

In *AnyConnect*, *supra*, this Court borrowed from a standard dictionary to explain that express means "[c]learly and unmistakably communicated; directly stated." 636 S.W.3d at 566. Citing another recent decision, this Court further explained that the term "costs" simply does not include attorneys' fees. *Id*. (citing

*Deal v. First and Farmers National Bank, Inc.*, 518 S.W.3d 159, 173 (Ky. App. 2017)).

This case presents a further twist for the question because the contract uses the phrase "placed in the hands of an attorney" or a collection agency but then mentions only "all costs of collection." Fees, much less attorneys' fees, are never mentioned. In *Key v. Mariner Finance, LLC*, 617 S.W.3d 819 (Ky. App. 2020), the contract followed the language of KRS 411.195 by providing: "If we place this [Note] in the hands of an attorney, not our salaried employee, for collection, you agree to pay the *reasonable fees of our attorney*." *Id*. at 821 (emphasis in the original).

To overcome the American Rule, a contract must clearly and expressly state that attorneys' fees are recoverable. The mere mention of a possible referral of a matter to an attorney and a reference to costs is not sufficient to authorize an award of attorneys' fees. The contract language in this case does not constitute an express provision for attorneys' fees under the Kentucky authorities we have discussed. To the extent the circuit court held attorneys' fees were recoverable under the contract, it erred.

This does not prevent an award of attorneys' fees in this case. Again, we do not have most of the record in this case. We have observed the unnecessary unpleasantness in the depositions and the argument about the perhaps overly

litigious way some may have acted in this case.  Upon remand, we do not prohibit a reassessment of an attorneys' fee award under the limited parameters left by the *Seegar* and *Bell* cases with due consideration of the factors for setting an amount for an award of attorneys' fees.  *See Brown v. Fulton, Hubbard & Hubbard*, 817 S.W.2d 899 (Ky. App. 1991).

CONCLUSION

We AFFIRM the Pulaski Circuit Court on the Cross-appeal No. 2022-CA-1335-MR.  We REVERSE and REMAND on the Appeal No. 2022-CA-1261-MR for a determination of whether attorneys' fees may be awarded on a non-contractual basis.

ALL CONCUR.

BRIEFS FOR
APPELLANTS/CROSS-
APPELLEES:

Bryan K. Sergent
Manchester, Kentucky

BRIEFS FOR APPELLEE/CROSS-
APPELLANT:

Winter R. Huff
Monticello, Kentucky