RENDERED:  DECEMBER 13, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0767-MR

ROGER QUARLES; CAMPBELL
GRADDY; DAVID LLOYD; GARY
WILSON; IAN HORN; AND RICK
HORN                                                          APPELLANTS


|       | APPEAL FROM FAYETTE CIRCUIT COURT |
|-------|-----------------------------------|
| v.    | HONORABLE JULIE M. GOODMAN, JUDGE |
|       | ACTION NO. 20-CI-00332            |


HAYNES PROPERTIES, LLC;
BURLEY TOBACCO GROWERS
COOPERATIVE ASSOCIATION;
GREG CRADDOCK; MITCH AND
SCOTT HAYNES D/B/A ALVIN
HAYNES & SONS; AND S&GF
MANAGEMENT, LLC                                               APPELLEES


## OPINION AND ORDER
## DISMISSING

** ** ** ** **

BEFORE:  CETRULO, L. JONES, AND McNEILL, JUDGES.

MCNEILL, JUDGE: Roger Quarles[1] ("Quarles") appeals from the denial of his motion for attorney fees under the common fund doctrine, as codified in KRS[2] 412.070. For the reasons below, we dismiss the appeal as moot.

## BACKGROUND

This appeal stems from a class action lawsuit by current or former members against the Burley Tobacco Grower Cooperative Association ("Co-op"). The class members alleged breach of fiduciary duty and sought judicial dissolution of the Co-op. The parties reached a settlement agreement providing for dissolution and distributing the Co-op's net assets to class members. The settlement agreement also provided that the Co-op would allocate $1.5 million to a nonprofit tobacco advocacy group.[3]

Quarles, along with a small number of other class members, objected to the $1.5 million distribution. The objectors generally believed the tobacco industry was dying and were skeptical of yet another advocacy group when they had seen no benefit from Co-op membership. Wayne Cropper, the first to file an

---

[1] Appellants are Roger Quarles, Campbell Graddy, David Lloyd, Gary Wilson, Ian Horn, and Rick Horn, objectors to a settlement agreement in the class action lawsuit below. For simplicity, and because Roger Quarles was the primary objector, we refer to all appellees as "Quarles" in this Opinion.

[2] Kentucky Revised Statutes.

[3] For reasons not relevant to the appeal, the $1.5 million figure was later reduced to $1.325 million. For consistency and to avoid confusion, we use $1.5 million throughout the Opinion.

objection, felt it should be the members' decision how to spend their money. Quarles was the most vocal objector and the only one represented by counsel.

At the fairness hearing, Quarles protested the $1.5 million settlement provision and the trial court agreed to allow the parties to attempt to mediate the issue. The trial court expressed concern about approving the $1.5 million distribution without knowing more about the advocacy group and how the money would be spent. At the mediation, Quarles offered a compromise: the money be held in trust for two years to provide interest income to the new organization. After that, the $1.5 million would be returned to the class members. The members could then choose whether to offer financial support.

Mediation was unsuccessful and Quarles filed a motion objecting to the proposed order approving the partial settlement. To the trial court, Quarles again suggested a compromise like the one proposed at mediation but did not mention allowing the members to choose whether to contribute to the new nonprofit. The trial court ultimately approved the partial settlement.

However, its approval of the $1.5 million distribution was conditional: two objectors would be on the new nonprofit's board, board members would not be compensated, and the $1.5 million would be held in trust for two years. If the organization had become self-sufficient by then, the money would be distributed to the class members. If not self-sufficient, the class members would vote on whether

to allow the organization to keep the $1.5 million or return it to the class. The court expressed its awareness of the allegations in the lawsuit concerning waste of the Co-op's assets and that the distribution would benefit some class members – those who still grow burley tobacco – more than others – those who do not. The above conditions honored the terms of the settlement agreement while being fair to the class members.

Subsequently, Quarles' counsel, W.H. Graddy & Associates ("Graddy"), moved under CR[4] 23.08 and KRS 412.070 for an award of attorney fees[5] arguing that its objection to the $1.5 million distribution had created a common fund for the benefit of the class. Before, the $1.5 million was unavailable to class members. Now, they could choose whether to receive their share of the money or contribute it to the new nonprofit.

The trial court denied the motion, finding Graddy had not shown that his actions alone had benefitted the class. It noted at least ten other objections were filed in opposition to the $1.5 million distribution. And the court itself had raised issues with the $1.5 million settlement provision before any objections were

---

[4] Kentucky Rules of Civil Procedure.

[5] Graddy filed its first motion for attorney fees on August 6, 2021, seeking 24% of the $1.5 million (by then $1.325 million). That motion was denied on August 24, 2021. Graddy filed a renewed motion for attorney fees on March 17, 2023, this time seeking only a 7.5% fee. This motion was denied on April 5, 2023. Graddy's arguments in both motions were substantially the same, so we treat them as one.

filed.  Ultimately, the court held that its fiduciary duties to the class were the "actual and sufficient reason for any modifications" to the $1.5 million distribution.  This appeal followed.[6]

## ANALYSIS

As an initial matter, appellee class representatives have moved to dismiss the appeal as untimely.  This Court's motions panel denied the motion but noted the Court's authority to review that decision when a full-judge panel considered the case.  We decline to reconsider that ruling here.

However, we are constrained to dismiss the appeal on other grounds, which we explain below.  Quarles argues that the trial court abused its discretion in failing to award his attorney fees.  Specifically, he challenges the court's finding that his efforts as an objector did not create benefit for the class.

"Kentucky has long followed the 'American Rule,' that in the absence of a statute or contract expressly providing therefor, attorney fees are not allowable as costs, nor recoverable as an item of damages." *Cummings v. Covey*, 229 S.W.3d 59, 61 (Ky. App. 2007) (citations omitted).  The only statute cited to the trial court below, and this Court on appeal, authorizing an award of attorney fees is KRS 412.070.  That statute mandates an award of attorney fees:

---

[6] Graddy filed a CR 59.05 motion to alter, amend, or vacate on April 17, 2023, which was denied on June 1, 2023.

for the recovery of money or property which has been illegally or improperly collected, withheld or converted, if one (1) or more of the legatees, devisees, distributees or parties in interest has prosecuted for the benefit of others interested with him, and has been to trouble and expense in that connection[.]

*Id.*

Even assuming Quarles was entitled to an attorney fee award under KRS 412.070, the issue is moot. KRS 412.070 provides that any attorney fee "allowance shall be paid out of the funds recovered before distribution." In *Cummings v. Covey*, 229 S.W.3d 59, 62 (Ky. App. 2007), we held that "KRS 412.070(1) is clear on its face. By using the mandatory term 'shall,' the statute unequivocally requires that attorney fees awarded under this statute must be paid from the funds recovered [before distribution.]"

Here, the $1.5 million has already been distributed. None of the funds recovered remain. Therefore, whether Quarles is entitled to attorney fees is a moot question because he cannot be paid pursuant to KRS 412.070.[7] "[A]n appellate

---

[7] Quarles argues in his reply brief that if successful on appeal he will seek to have his attorney fees paid from class counsel, or if necessary, from class members themselves. But, as noted above, KRS 412.070 requires any fee award to be paid from the $1.5 million *before* distribution. Class counsel's fee was not paid from the $1.5 million, and the $1.5 million has already been distributed. Thus, KRS 412.070 does not authorize an award of attorney fees at this stage of the proceedings. While Quarles argues for a different interpretation of KRS 412.070 based upon *Kincaid v. Johnson, True & Guarnieri, LLP*, 538 S.W.3d 901, 918 (Ky. App. 2017), that case dealt with whether an attorney fee award could be paid *before* distribution, not *after*. Therefore, our discussion of KRS 412.070 in that case is not on point.

court is required to dismiss an appeal when a change in circumstance renders that court unable to grant meaningful relief to either party." *Medical Vision Group, P.S.C. v. Philpot*, 261 S.W.3d 485, 491 (Ky. 2008) (citation omitted).

## CONCLUSION

Accordingly, we dismiss the appeal as moot.

ALL CONCUR.

ENTERED: _December 13, 2024_ _____
JUDGE, COURT OF APPEALS

BRIEFS FOR APPELLANTS:

John S. Friend
Louisville, Kentucky

BRIEF FOR APPELLEES:

Robert E. Maclin, III
Katherine K. Yunker
Jason R. Hollon
Lexington, Kentucky

Kevin G. Henry
Megan L. Adkins
Lexington, Kentucky